MILLER v. KELLY.

1. EVIDENCE — TELEPHONE CONVERSATIONS—ADMISSIBILITY—IDENTI-FICATION OF PARTY CALLING.
   Telephone conversations, where the parties calling up were not properly identified, there being no proof that the voices were recognized, were inadmissible in evidence.

2. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —CONTRACTS—AGENT IN MAKING.
   In summary proceedings for the possession of leased premises on the ground that the lease had terminated,

On necessity and sufficiency of identification as a foundation for the admission of a conversation or communication by telephone, see notes in 6 L. R. A. (N. S.) 1180; L. R. A. 1918D, 720.

where the defense was that it had been renewed for another year by the former owner, since deceased, before her sale of the premises to plaintiffs, the testimony of lessee's wife that when she called upon said owner for the purpose of arranging for repairs said owner stated that the lease had another year to run was not barred by the statute (3 Comp. Laws 1915, § 12553), since the wife, even if she was her husband's agent in arranging for the repairs, was not his agent in making a new lease or continuing the old one.

3. EVIDENCE—SUFFICIENCY.
    Where there was some testimony to support the judgment for defendant it will not be reversed, although it is not as satisfactory as it ought to be.

Error to Kent; Perkins (Willis B.), J. Submitted June 8, 1921. (Docket No. 27.) Decided July 19, 1921.

Summary proceedings by Harry T. Miller and another against Charles A. Kelly for the possession of leased premises. There was judgment for defendant before the commissioner, and plaintiffs appealed to the circuit court. Judgment for defendant. Plaintiffs bring error. Affirmed.

*Wykes & Averill,* for appellants.

*J. T. & T. F. McAllister,* for appellee.

BIRD, J. Mrs. E. W. Richmond was the owner of number 536 Lafayette avenue, S. E., in Grand Rapids. She had rented the lower floor to defendant, Kelly, for several years. On September 9, 1919, she executed a lease to Kelly, giving him the use thereof until May 1, 1920, with the privilege of another year from that date, provided he gave her 30 days' notice before the end of the lease. Plaintiffs, Miller, purchased the premises of Mrs. Richmond on May 1,

1920, and gave defendant, Kelly, notice thereof, and also notice to vacate the premises. Defendant did not comply with this notice and plaintiffs instituted proceedings before a circuit court commissioner to oust him. His defense was that he had arranged with Mrs. Richmond for a lease for another year, which would not expire until May 1, 1921. Whether defendant did so arrange for an extension of the lease prior to May 1, 1920, was the issue tried out before the commissioner and before the circuit court on appeal. The matter was disposed of in the circuit court by the court without the aid of a jury. It was the conclusion of the trial court that defendant, Kelly, had made an agreement for an extension of his lease, as claimed by him. Plaintiffs insist that there was no competent proof to sustain this finding.

Soon after Mrs. Richmond sold the premises to plaintiffs she died. This prevented defendant, Kelly, from testifying. He supported his defense by three items of proof:

(a) By a telephone conversation between himself and Mrs. Monroe, a daughter of Mrs. Richmond, at which one Shaunessy listened on an extension 'phone.

(b) By another telephone conversation between himself and Mrs. Richmond, at which Mr. Shaunessy listened on an extension 'phone.

(c) By an admission made by Mrs. Richmond to the wife of defendant, Kelly, in April, 1920.

a. William Shaunessy testified that he was bookkeeper for defendant; that on March 3d Mrs. Monroe, of Cedar Springs, called defendant, Kelly, on the 'phone; that he got Kelly to the 'phone and listened at the extension. That Mrs. Monroe asked him if he wanted to purchase the property, etc., and that in the conversation Mrs. Monroe said the lease was good for another year.

b. Mr. Shaunessy also testified that Mrs. Richmond

called Mr. Kelly on the telephone; that he again listened and during the conversation he heard Mrs. Richmond say to Mr. Kelly that his lease was good until 1921, that it did not expire until May, 1921.

It is urged that these conversations were incompetent because in neither case was there any identification of either Mrs. Monroe or Mrs. Richmond. We have examined the testimony and we are unable to find any testimony bearing upon the identity of either, except the fact that the conversations purported to come from Mrs. Monroe and Mrs. Richmond. There was no proof that their voices were recognized. Neither was there any proof that the calls proceeded from either the telephone of Mrs. Monroe or the telephone of Mrs. Richmond. Mrs. Richmond was away from her home in both instances and there is no proof that she had a 'phone of her own. On this subject it is said by 3 Wigmore on Evidence, § 2155:

"But if there is no recognition of voice, what can supply sufficient evidence to authenticate the antiphonal speaker? In a given case, no doubt, sundry circumstances (including other admissions and the like), may suffice. But, apart from special circumstances, can any rule be laid down? No one has ever contended that if the person first calling up is the very one to be identified, his mere purporting to be A is sufficient, any more than the mere purporting signature of A to a letter would be sufficient."

The trial court was of the opinion that *Theisen* v. *Taxicab Co.*, 200 Mich. 136 (L. R. A. 1918D, 715), supported his conclusion. The conversation was admitted in that case because a *prima facie* case was made by showing that the party whose identity was involved had a business 'phone over which he invited the transaction of business, and that the conversation was had over this telephone in response to a call in the regular way from the witness. This principle could

215—Mich.—17.

not be invoked in the present case because Mrs. Richmond had no 'phone and because she was the party who called. Neither was there any proof that Mrs. Monroe was talking over her own 'phone, or still further, that she had any authority to talk for her mother, Mrs. Richmond. The identification of neither Mrs. Monroe nor Mrs. Richmond was sufficiently established to make either conversation competent. Both conversations should have been rejected.

c. In either March or April, 1920, Mrs. Kelly called upon Mrs. Richmond, while she was in Grand Rapids, to discuss the question of certain repairs which she desired made in their apartment. While discussing this question Mrs. Kelly said Mrs. Richmond made the following admission as to the lease: "She said our lease called for until next May 1, 1921, and that we were to be there another year." The objection made to this testimony is that it was incompetent under the statute, as Mrs. Kelly was the agent of her husband. The language of the statute referred to is as follows:

"No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died shall be a competent witness in any suit involving such contract," etc. 3 Comp. Laws 1915, § 12553.

We are not impressed that this objection is well taken. Mrs. Kelly's testimony shows that the object of her visit to Mrs. Richmond was to arrange for certain repairs in their apartment. There is nothing in the proofs, which has come to our attention, to show that she was engaged in the business of making or continuing a lease of the premises. In fact, there is nothing about her testimony which shows that she mentioned the lease or the continuation of it. The fact, if it were one, that she was her husband's agent to arrange for the repairs would not show that she was his agent in making a new lease or continuing the

old one.   The proofs do show that, while discussing the question of repairs, the admission was made by Mrs. Richmond.   We think the testimony was competent.

This leaves the defense to rest upon this one item of testimony.   It is not as satisfactory as it ought to be, but it is some testimony in support of the defendant's claim.   It is strengthened somewhat by the fact that the repairs which were arranged for at that conversation were subsequently made by Mrs. Richmond. This is shown by the contractor who did the work. Unless Mrs. Richmond had understood that they were to remain another year, she quite likely would not have made the repairs in response to the request of defendant.

We are of the opinion that the judgment of the trial court should be affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.