FOGEL *v.* SINAI HOSPITAL OF DETROIT.

1. HOSPITALS—PATIENTS—NEGLIGENCE—STANDARD OF CARE.
   The standard of care required of a defendant hospital in an action against it for injuries received by a patient therein alleged to be due to defendant's negligence is that of an ordinary, careful, and prudent person under the same circumstances, where the situation is one not requiring expert testimony.

2. SAME—PATIENTS—NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.
   Denial of defendant hospital's motions for directed verdict and for judgments notwithstanding verdicts in actions by husband and wife for fractured hip latter sustained while a patient en route to toilet with the assistance of only 1 nurse's aide *held,* not error, a jury question being presented as to whether defendant had been negligent.

3. SAME—PATIENTS—HIP INJURY—PERMANENT INJURY—EVIDENCE—REQUEST TO CHARGE.
   Requested charge that there was no evidence of permanent injury as result of fracture of hip by plaintiff, a 79-year-old woman,

---

REFERENCES FOR POINTS IN HEADNOTES
[1; 2] 26 Am Jur, Hospitals and Asylums § 14.
[3, 4] 22 Am Jur 2d, Damages § 354.
[5] 22 Am Jur 2d, Damages § 316.
Admissibility of mortality tables in personal injury action as dependent upon showing of permanency of injury. 50 ALR2d 419.
[6] 4 Am Jur 2d, Appeal and Error § 515 *et seq.*
22 Am Jur 2d, Damages §§ 104, 311.

who fell while en route to toilet while a patient in defendant hospital *held*, properly denied, where prior medical reports indicated demineralization, and, at time of trial some 3 years later, she still could not move the leg nor walk on it.

4. EVIDENCE—MORTALITY TABLES—PERMANENT INJURIES.

Claim of error in admission of mortality tables in action by 79-year-old patient in defendant hospital for injuries received from hip fracture *held*, eliminated by reason of holding that there was evidence the injury was permanent.

5. SAME—MORTALITY TABLES—PERMANENT INJURIES—HEALTH.

Mortality tables are admissible and to be used by jury if it determines the issue of reasonable health favorably to the one offering the tables, where there is evidence the injuries involved were permanent.

6. APPEAL AND ERROR—MEDICAL BILLS—RECORD.

Admission in evidence of certain medical bills without it having been established they were necessary and reasonable was error, but not reversible error, where the bills were not made a part of the record so that an appropriate reduction of the judgments could be made in actions by husband and wife for injuries latter sustained as a result of defendant hospital's alleged negligence.

Appeal from Wayne; Elliott (Phillip), J., retiree, presiding. Submitted Division 1 November 3, 1965, at Detroit. (Docket Nos. 343, 344.) Decided December 20, 1965. Rehearing denied January 28, 1966.

Case by Helen Fogel against Sinai Hospital of Detroit for personal injuries sustained in fall while a hospital patient. Derivative suit by David Fogel, husband. Cases consolidated on trial and appeal. Verdicts and judgments for plaintiffs. Defendant appeals. Affirmed.

*Lipton, Papista & Garfinkle* (*Donald Garfinkle,* of counsel), for plaintiffs.

*Ward, Plunkett, Cooney, Rutt & Peacock* (*John D. Peacock,* of counsel), for defendant.

QUINN, J. Plaintiffs brought these actions to recover damages allegedly arising from the negligence of defendant. Helen Fogel claimed damages for personal injuries, pain, suffering, and disability; her husband, David, claimed damages for hospital and medical expenses for Helen and for loss of consortium. Judgments entered on jury verdicts for plaintiffs, and the trial court denied defendant's motions for judgments *non obstante veredicto* or for new trial. Defendant appeals from denial of these motions.

Defendant claims the trial court erred in not granting its motion for directed verdict made on the basis plaintiffs had failed to establish a prima facie case; that the trial court erred in submitting the question of permanent injuries to the jury, in permitting the mortality tables in evidence, and in permitting certain medical bills in evidence.

October 15, 1961, Helen Fogel fell at home and was taken to defendant hospital for care and treatment. She was then 79 years of age. X-rays disclosed no fractures and her doctor ordered that she be encouraged to walk. By November 1, 1961, Helen Fogel was walking some and she continued to do so thereafter. Late in the evening of November 5, 1961, she signalled for a nurse to assist her to the bathroom. A nurse's aide appeared and assisted plaintiff as requested in spite of plaintiff's warning that one aide was not capable of doing so. On the way to the bathroom, plaintiff slipped, the aide could not hold her and plaintiff fell. Her hip was fractured in the fall, and these actions were to recover the damages arising therefrom.

Defendant's first allegation of error is based on its contention that since there was no evidence of the skills usually exercised by hospitals in the Detroit area in the care of patients, no standard of

care was established, and no breach of duty was shown. Defendant's position in this regard arises from the fact that plaintiffs pleaded that defendant owed a duty to treat Helen Fogel according to such a standard; it is not supported legally. As stated in 2 Harper and James, Law of Torts, at p 966:

> "Except for malpractice cases (against a doctor, dentist, et cetera), there is no general rule or policy *requiring* expert testimony as to the standard of care, and this is true even in the increasingly broad area wherein expert opinion will be received."

In *Lince* v. *Monson* (1961), 363 Mich 135, 139, the Michigan Supreme Court succinctly stated the standard in the following language:

> "In the ordinary negligence case a question is presented whether an ordinary, careful and prudent person would have done as defendant did under the circumstances."

The record here presented a jury question on defendant's negligence and it was not error to deny defendant's motions for directed verdict and for judgments *non obstante veredicto*.

Defendant next claims the trial court erred in failing to give defendant's requested charge that there was no evidence of permanent injury in the case. Defendant relies on *Kethledge* v. *City of Petoskey* (1914), 179 Mich 301, as authority for its position that permanency of injury is a medical question and there must be competent medical testimony of permanency before that question can be submitted to a jury. On the facts of *Kethledge,* it may be so read. It involved a 17-year-old and the claimed permanent injury involved damage to ligaments around the elbow. In reversing the trial court for submitting the question of permanent injury to the jury, the Supreme Court said (p 311):

"We are of the opinion that the above instructions were erroneous (these instructions dealt with the question of permanent injury), for the reason that there was *no evidence* in the case from which the jury should have been permitted to find that the plaintiff was permanently injured."

Here, Helen Fogel was 79 when she broke her hip, prior medical reports indicated demineralization, at the time of trial, three years later, she still could not move the leg involved nor walk on it. This is evidence of permanency and the requested charge was properly denied.

This holding eliminates from consideration defendant's first claim of error with respect to receiving the mortality tables in evidence, namely: their use is improper absent permanent injury. Defendant next claims it was error to admit the tables because Helen Fogel was not in reasonably good health at the time of the accident. It was disputed whether or not she was in reasonable health. In this situation, the tables are admissible and are to be used by the jury if it determines the issue of reasonable health favorably to the one offering the tables. *Norris* v. *Detroit United Railway* (1916), 193 Mich 578.

Defendant's final allegation of error is that certain medical bills were allowed in evidence without proper foundation being laid as to their necessity and reasonableness. There is no question that the law requires such a foundation, and that foundation was not laid here. This was error, but it is not reversible error. If the bills were before this Court, an appropriate reduction of the judgments could be made. The bills are not part of the record and this Court has no basis for correcting this error.

The trial court is affirmed, with costs to appellees.

LESINSKI, C. J., and WATTS, J., concurred.