GOLD v. SINAI HOSPITAL OF DETROIT, INC.

Hospitals—Patient—Negligence—Evidence.
> Direction of verdict for defendant hospital, in an action against it for injuries received by a patient therein alleged to be due to defendant's negligence, for the reason that no expert testimony had been presented to show that the nurse violated or breached any duty required of a nurse according to established practices of hospitals in the community in getting patient onto an examination table, *held*, reversible error, where the case presents a question of ordinary negligence rather than a malpractice question, and testimony of an expert witness as to the standard of care in the community was not required for plaintiff to sustain her cause of action.

Appeal from Wayne; Rashid (Joseph G.), J. Submitted Division 1 October 3, 1966, at Detroit. (Docket No. 1,576.) Decided December 8, 1966.

Complaint by Dina Gold and Sol Gold against Sinai Hospital of Detroit, Inc., a Michigan corporation, for personal injuries sustained in fall by Mrs. Gold while a hospital patient. Directed verdict for

References for Points in Headnote
26 Am Jur, Hospitals and Asylums §§ 12, 18.

defendant. Plaintiff appeals. Reversed and remanded.

*Gvazda & Shere (Melvyn G. Gvazda, of counsel),* for plaintiffs.

*Ward, Plunkett, Cooney, Rutt & Peacock (John D. Peacock* and *William M. Donovan,* of counsel), for defendant.

J. H. GILLIS, J.  The trial court directed a verdict for the defendant on the basis that no expert testimony had been presented to show that the nurse violated or breached any duty required of a nurse according to established practices of hospitals in the community.

This case is controlled by *Fogel* v. *Sinai Hospital of Detroit* (1965), 2 Mich App 99. In *Fogel* the patient warned the nurse's aide who attempted to assist her to the bathroom that one aide was not capable of doing so. Despite such warnings, the aide proceeded alone. The plaintiff fell and sustained injuries. We held that there was no error in a denial of defendant's motion for a directed verdict, as testimony of an expert witness as to the standard of care in the community was not required for plaintiff to sustain her cause of action based on ordinary negligence.

In the instant case, the patient warned the nurse who was assisting her onto an examination table that she was nauseated and dizzy and that she "would not be able to make it." With the nurse's assurances that she would brace the plaintiff from behind, plaintiff endeavored to move from a sitting to a prone position. The promised assistance did not materialize and plaintiff fell, sustaining injuries, for which she sought to recover damages. This ap-

peal followed the directed verdict for defendant below.

Neither *Fogel* nor the instant case present a malpractice question but rather a question of ordinary negligence. Defendant attempted to distinguish the two cases on the theory that *Fogel* involved a nonprofessional nurse's aide, whereas the instant case involves a professional nurse. This is a distinction without a difference.

This cause is remanded to the trial court, and the court is ordered to set aside the directed verdict and grant plaintiff a new trial.

Reversed. Costs to appellants.

LESINSKI, C. J., and HOLBROOK, J., concurred.