## DENNO *v.* PROVIDENCE HOSPITAL

1. PLEADING—CHANGE OF THEORY—PREJUDICE—EFFECT.

    Permitting a plaintiff to change his theory of his cause of action after proofs have been entered and before any testimony has been taken in support of his new theory which has not been pleaded is error where a defendant because of that change is prejudiced in his defense on the merits (GCR 1963, 118.3).

2. PLEADING—NEGLIGENCE—CHANGE OF THEORY—EFFECT.

    Permitting plaintiff, whose proofs indicated that she fell, while under sedation, from a guardless and barless hospital bed, to change her theory to negligence in the selection of her particular bed was error when she had never previously pled that theory and where defendant hospital, not expecting such a claim as negligent selection of a bed, was prejudiced in its defense on the merits (GCR 1963, 118.3).

3. PLEADING—AMENDMENTS—COURT RULES.

    Amendments of pleadings are not allowed if an amendment is brought after commencement of trial and if it will prejudice the opposing party (GCR 1963, 118.3).

4. NEGLIGENCE — HOSPITALS — DEFECTIVE INSTRUMENTALITY — CHARITABLE IMMUNITY.

    Testimony demonstrating negligence by defendant hospital in failing to put up guard rails on a hospital bed from which plaintiff fell while under sedation did not prove a defective instrumentality, and was not sufficient to overcome the defense of charitable immunity which was available to defendant at the time plaintiff's injury occurred.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  41 Am Jur, Pleading § 188.
[3]  41 Am Jur, Pleading § 306.
[4]  Liability of hospital for injury or death of patient through defective bed. 31 ALR2d 1128.

Appeal from Wayne, Charles S. Farmer, J. Submitted Division 1 October 9, 1969, at Detroit. (Docket No. 5,818.) Decided October 27, 1969. Application for leave to appeal filed November 17, 1969.

Complaint by Ida Denno against Providence Hospital, a Michigan corporation, for injuries sustained when she fell from a bed. Judgment for plaintiff. Defendant appeals. Reversed.

*Mansfield, Sulzbach & Jones,* for plaintiff.

*Feikens, Dice, Sweeney & Sullivan (Altero J. Alteri,* of counsel), for defendant.

Before: FITZGERALD, P. J., and McGREGOR and V. J. BRENNAN, JJ.

PER CURIAM. This appeal arises from a judgment of the Wayne county circuit court finding that defendant was negligent in its selection of a hospital bed, thus causing the injuries sustained by the plaintiff. The court, sitting without a jury, awarded plaintiff damages in the amount of $11,500, and the hospital appeals.

Plaintiff Ida Denno entered Providence Hospital on May 25, 1959, and on the following day surgery was performed. Upon her return from surgery, she was visited by her husband and a daughter-in-law who observed that plaintiff was in a sedated condition and that there were neither guard rails nor bars around the bed. When plaintiff's husband returned on May 27, 1959, he discovered that she had broken her hip and had been placed in traction. Proofs indicated that while plaintiff was under sedation, she had fallen from the bed and suffered the injuries complained of.

Defendant's principal charge of error concerns the fact that plaintiff was permitted to change her theory of the cause of action after the proofs had been entered and before any testimony had been taken in support of her new theory, which had not been pleaded. Defendant avers that plaintiff had never previously pled that the hospital was negligent in the selection of the particular bed. The applicable General Court Rule states that while amendments to pleadings are allowed, this is not the case if the amendment is brought after commencement of trial: and if it will prejudice the opposing party.

"If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, amendment to conform to such proof shall not be allowed unless the party desiring amendment satisfies the Court that the amendment and the admission of such evidence would not prejudice the objecting party in maintaining his action or defense upon the merits." GCR 1963, 118.3.

The case of *Jackson City Bank & Trust Company* v. *Blair* (1952), 333 Mich 399, further exemplifies the application of the court rule mentioned by stating:

"During the trial or hearing, only those amendments should be allowed which do not work to the surprise or disadvantage of the adverse party."

See, also, *Simonelli* v. *Cassidy* (1953), 336 Mich 635; *Scott* v. *Cleveland* (1960), 360 Mich 322.

Therefore, the defendant, not expecting such a claim as negligent selection of a bed, was prejudiced in its defense on the merits.

Defendant also charges that the facts were not sufficient to support the finding of the trial court that the defendant had made a negligent selection of its hospital beds.

An examination of the record discloses that the only proof presented by the plaintiff regarding the condition of the bed was the testimony elicited from a daughter-in-law. While the statements demonstrated negligence in failing to put up guard rails, it was not proof of a defective instrumentality, and as such it is not of a sufficient nature to overcome the defense of charitable immunity.* As this Court stated in *Michigan Consolidated Gas Company* v. *Wilson* (1966), 4 Mich App 188:

"Although it is true that a trial judge's 'findings of fact shall not be set aside unless clearly erroneous,' GCR 1963, 517.1, we feel that in the present case the trial court clearly erred."

Reversed. Costs to appellant.

---

\* Charitable immunity was abolished in Michigan on September 15, 1960, in the decision of *Parker* v. *Port Huron Hospital* (1960), 361 Mich 1.