STEPHENS v SPIWAK

1. EVIDENCE—MEDICAL MALPRACTICE—BREACH OF CONTRACT—TOTALITY OF CIRCUMSTANCES—ADMISSIONS—FOUNDATION.

The contents of a telephone conversation were admissible in evidence in an action for malpractice and breach of contract where the totality of the circumstances (the speaker had identified himself by the plaintiff husband's name; the speaker had referred to himself as the husband of the plaintiff wife; the contents of the conversation related to a highly controverted issue in the case; it was obvious and uncontroverted from the circumstances that the voice of the speaker was recognized by the listeners as that of the plaintiff husband; and the conversation concerned facts known to the plaintiff, the defendant, and his listening nurse) including the speaker's admissions, constituted a sufficient foundation for their admission.

2. NEGLIGENCE—MEDICAL MALPRACTICE—BIRTH OF CHILD—BENEFITS—WRONGFUL DEATH—DAMAGES—ILLUSTRATION.

The benefits which can result from an unplanned child may be weighed against all of the elements of claimed damage in a negligence action for alleged medical malpractice which resulted in an unplanned pregnancy, and it is not error to allow counsel to argue, as illustration, that damages resulting from the wrongful death of a child are in many ways similar to the benefits resulting from the life of an unplanned child.

3. TRIAL—CLOSING ARGUMENT—APPEAL AND ERROR—REBUTTAL

Statements made by counsel at closing argument will not be held erroneous if given in response to arguments made by opposing counsel.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 383, 384.
  61 Am Jur 2d, Physicians and Surgeons § 198.
  Admissibility of telephone conversations in evidence. 105 ALR 326.
[2] 61 Am Jur 2d, Physicians and Surgeons § 223.
[3] 75 Am Jur 2d, Trial § 146.
[4] 57 Am Jur 2d, Negligence §§ 138, 148, 163, 261.

4. Negligence—Proximate Causation—Standard Jury Instruc-
    tions—More Than One Defendant—Third Persons—Outside
    Force—Conduct of Plaintiff.

    The standard jury instruction on more than one proximate cause
    should be given in a negligence action when there is an issue of
    whether the conduct of each of more than one defendants was a
    proximate cause of the injury, or when there is evidence that
    acts of a person who is not a party, or an outside force,
    constituted a proximate cause of the injury or damages suffered
    by a plaintiff; it should not be given if the only possible
    additional proximate cause is the conduct of the plaintiff (SJI
    15.03).

Appeal from Wayne, Charles Kaufman, J. Sub-
mitted Division 1 February 13, 1975, at Detroit.
(Docket No. 19260.) Decided June 9, 1975. Leave to
appeal denied, 395 Mich —.

Complaint by Helen Stephens and John Ste-
phens against Dr. Bertram J. Spiwak for damages
resulting from medical malpractice. Judgment for
defendant. Plaintiffs appeal. Affirmed.

*Lopatin, Miller, Bindes & Freedman* (by *Michael
A. Ganty)* for plaintiffs.

*Alexander, Buchanan & Seavitt* (by *Robert J.
Stowe),* for defendant.

Before: V. J. Brennan, P. J., and D. E. Hol-
brook, Jr. and O'Hara,* JJ.

D. E. Holbrook, Jr., J. Plaintiffs instituted suit
against defendant claiming defendant negligently
performed a tubal ligation on plaintiff, Helen Ste-
phens, and that defendant breached a contract
with plaintiffs allegedly assuring plaintiffs that
Helen Stephens' chances of pregnancy would be
"nil" following the operation. Defendant denied

---

    * Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

malpractice, existence of a contract, and further denied that plaintiffs sustained damage. While defendant admitted he might have said "one chance in 500 or 1000", he denied ever having said "nil" although he testified he might have said "almost nil". From a jury verdict of no cause of action, plaintiffs appeal. We affirm.

Plaintiffs first claim it was error to admit into evidence the contents of a certain telephone conversation alleged to have occurred between plaintiff husband and defendant. Plaintiffs assert no proper foundation was laid. The conversation to which plaintiffs object allegedly took place after plaintiff wife became pregnant following the tubal ligation. Its contents were testified to by defendant's nurse. In essence she testified that Mr. Stephens called; that he identified himself as John Stephens, the husband of Helen Stephens; that she transferred the call to defendant; that defendant signaled her to pick up the phone and listen in; that she did and overheard an angry Mr. Stephens say to the doctor that the doctor had previously advised him that his wife's chances of becoming pregnant were one in a million. "One in a million" obviously not being "nil".

With respect to the admissibility of the contents of telephone conversations, our Supreme Court in *Miller v Kelly,* 215 Mich 254, 257; 183 NW 717, 718 (1921), cited 3 Wigmore, Evidence, § 2155, which reads in part as follows:

"But if there is no recognition of voice, what can supply sufficient evidence to authenticate the antiphonal speaker? In a given case, no doubt, sundry circumstances (including other admissions and the like), may suffice."

In the instant case we believe such sundry cir-

cumstances, including other admissions, to be present, thereby rendering admissible the conversation overheard by defendant's nurse. Not only did the speaker identify himself as John Stephens, he also identified himself as the husband of Helen Stephens. Helen Stephens had been a patient of defendant, a fact known to John Stephens, the defendant and his nurse. Defendant had previously talked with John Stephens and in all probability was familiar with his voice. Had he not recognized the voice as that of John Stephens there would have been no logical reason for him to have asked his nurse to listen in. Furthermore, the words which the nurse overheard the speaker state specifically related to a highly controverted issue in the instant suit. In addition the nurse testified that John Stephens called, and the record is void of any evidence indicating she was not familiar with John Stephens' voice. We conclude that the totality of the circumstances, including the speaker's admissions, constituted a sufficient foundation for the admission of the nurse's testimony. The issue of the nurse's testimony therefore is not one of admissibility but what weight it should be accorded, which was a question of fact for the jury. Finally, John Stephens never took the witness stand in rebuttal to rebut either the conversation or its contents.

Next, plaintiffs contend it was prejudicial error for the court to permit defense counsel, over plaintiffs' objection, to argue that damages resulting from the wrongful death of a child are in many ways similar to the benefits resulting from the life of a child. We disagree.

That the benefits resulting from an unplanned child may be weighed against all the elements of claimed damage has heretofore been decided by

this Court in *Troppi v Scarf,* 31 Mich App 240; 187 NW2d 511 (1971). A review of the record convinces us this in effect is what counsel was arguing. It was therefore not error to allow defense counsel's argument to illustrate to the jury that the benefits resulting from an unplanned child are basically the same as those which are lost when a child is negligently killed, namely, loss of companionship, society, etc.

In addition plaintiffs' counsel likewise argued the benefits versus detriments issue in his closing statement. Defense counsel's remarks were basically in response to such arguments. Statements made by counsel at closing argument may not be error if given in response to arguments made by opposing counsel. *Haynes v Monroe Plumbing and Heating Co,* 48 Mich App 707; 211 NW2d 88 (1973), *lv den,* 391 Mich 765 (1974).

Further, review of the record clearly indicates the court specifically indicated to the jury that the remarks of counsel were not evidence. Finally, plaintiffs' counsel did not request a curative instruction.

Lastly, plaintiffs contend it was prejudicial error to deny plaintiffs' requested charge—Standard Jury Instruction 15.03—on more than one proximate cause. This claim is similarly without merit. The court adequately instructed the jury on the issue of proximate cause by giving Standard Jury Instruction 15.01.

Plaintiffs' claim that during cross-examination of the plaintiffs and in defense counsel's closing argument to the jury he alluded to the act of sexual intercourse being the proximate cause of the birth of the child. Hence, plaintiffs contend they were entitled to Standard Jury Instruction 15.03. A review of Standard Jury Instruction 15.03

and the commentary which follows clearly indicates such instruction is to be given only as an introduction to Standard Jury Instructions 15.04, 15.05, and 15.06, as appropriate, when there is an issue whether the conduct of each defendant was a proximate cause, or when there is evidence that acts of a person not a party, or an outside force constituted a proximate cause of the injury or damages suffered by plaintiff. The instruction and those that follow should not be given if the only possible additional proximate cause is the conduct of the plaintiff.

In the case at bar the only possible additional proximate cause was the conduct of the plaintiffs themselves. The trial court was therefore correct in refusing to give Standard Jury Instruction 15.03. The jury was adequately instructed on proximate cause and its verdict justified by the evidence.

We find no error. Affirmed. Costs to appellee.