## BISHOP v ST JOHN HOSPITAL

Docket No. 73857. Submitted October 15, 1984, at Detroit.—Decided December 12, 1984.

Plaintiffs, Kathleen Bishop and Stanley Bishop, brought an action in the Wayne Circuit Court against defendant, St. John Hospital, seeking damages for injuries sustained by Kathleen Bishop in a fall which occurred while she was a patient at the hospital. The jury returned a verdict of no cause of action and the plaintiffs' motion for a new trial was denied by the trial court, Thomas J. Brennan, J. Plaintiffs appeal from the order denying their motion for a new trial. *Held:*

1. Under the proofs as developed at trial, an instruction on ordinary negligence would not have been applicable. The trial court did not err in refusing plaintiffs' request for an instruction regarding ordinary negligence and in giving instead the standard jury instruction relating to professional negligence. Plaintiffs chose to proceed, from the initial pleadings until the close of proofs, under a malpractice theory.

2. There was no error in regard to the trial court's ruling which held that an incident report which had been prepared by the defendant hospital was inadmissible in evidence. Plaintiffs may not complain about the defendant's decision to offer the incident report into evidence since plaintiffs' counsel "opened the door" in that regard. The trial court's explanation to the jury regarding plaintiffs' request to have the report excluded was more than sufficient to prevent any prejudice to the rights of either party. The defendant had a statutory right to withhold the incident report from evidence and no adverse inferences were permissible from the defendant's decision to exercise the privilege.

Affirmed.

References for Points in Headnotes

[1, 6] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 326.

[2] 31 Am Jur 2d, Expert and Opinion Evidence § 26 *et seq.*

[3] 29 Am Jur 2d, Evidence §§ 178, 179.
    61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 344.

[4] 5 Am Jur 2d, Appeal and Error § 601 *et seq.*

[5] 61A Am Jur 2d, Pleading § 329.

[6] 61A Am Jur 2d, Pleading §§ 322-324

BRONSON, P.J., dissented and would hold that an instruction on ordinary negligence was applicable under the facts presented at trial. He noted that no prejudice would have occurred had the trial court allowed the amendment of the pleadings and the requested jury instruction on ordinary negligence. He stated that inasmuch as the standard of care applied to a trained professional is more stringent than that applied to a lay person, defense of the malpractice theory would encompass the defense necessary under an ordinary negligence theory. He would have allowed the instruction on ordinary negligence to be given.

### OPINION OF THE COURT

1. PLEADING — MALPRACTICE — NEGLIGENCE.

    The pleadings in a malpractice case are required to specifically state the exact theories of negligence intended to be established at trial, and one is precluded from expanding the theory of malpractice beyond that which has been alleged in the complaint.

2. EVIDENCE — EXPERT TESTIMONY — OPINION.

    Three factors must be established before admitting expert opinion testimony into evidence: (1) the witness must be qualified as an expert in his field; (2) there must be facts which require an expert's interpretation or analysis; and (3) the witness's knowledge must be peculiar to experts rather than to lay persons.

3. EVIDENCE — MALPRACTICE — PRIVILEGED REPORTS — INFERENCES.

    It is not permissible to make adverse inferences from a defendant's decision to withhold a certain incident report from evidence in a medical malpractice action where the defendant is exercising its statutorily granted privilege to withhold the report (MCL 333.21515; MSA 14.15[21515]).

4. EVIDENCE — APPEAL — PRESERVING QUESTION — RULES OF EVIDENCE.

    Trial counsel should avoid suggesting inadmissible evidence to the jury, however, error may not be predicated on a defendant's decision to offer an inadmissible report into evidence where the plaintiff's counsel has opened the door in that regard by questioning the defendant's witnesses about the report (MRE 103[c]).

### DISSENT BY BRONSON, P.J.

5. TRIAL — PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

    *A General Court Rule permits the amendment of pleadings to*

*conform to evidence adduced at trial provided that the amendment would not prejudice the opposing party (GCR 1963, 118.3).*

6. TRIAL — PLEADING — MALPRACTICE — NEGLIGENCE — DEFENSES.

*The defense of a medical malpractice action encompasses the defense necessary under an ordinary negligence theory inasmuch as the standard of care applied to a trained professional is more stringent than that applied to a lay person; therefore, a defendant in a medical malpractice action is not prejudiced by the amendment of the pleadings to include an allegation of ordinary negligence and by instructions to the jury regarding ordinary negligence.*

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw),* for plaintiffs.

*Kitch, Suhrheinrich, Saurbier & Drutchas, P.C.* (by *Susan Healy Zitterman* and *Jeffrey H. Chilton),* for defendant.

Before: BRONSON, P.J., and J. H. GILLIS and M. E. DODGE,* JJ.

PER CURIAM. Plaintiffs brought suit seeking damages for injuries sustained by Kathleen Bishop in a fall which occurred while she was a patient at defendant hospital. The jury returned a verdict of no cause of action and the plaintiffs' motion for a new trial was denied by the trial court. Plaintiffs appeal as of right.

Plaintiff is a 73-year-old woman who suffers from arthritis and requires the use of a walker. She was admitted to defendant hospital complaining of abdominal pain, and her appendix was ultimately removed. After 17 days of hospitalization, she awoke at 2 a.m. and summoned a nurse to assist her in walking to the bathroom. A nurse's aide answered the call, helped plaintiff out of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

bed and positioned her behind the walker. After a few steps, plaintiff fell, sustaining a broken hip.

At trial, plaintiffs offered the testimony of Judith Gilbert, a registered nurse and administrator of a convalescent home, on the subject of the proper method of assisting a person using a walker. After extensive discussion of plaintiffs' negligence theory and the qualifications of the witness, the court ruled in favor of allowing Ms. Gilbert to testify as an expert. She then testified that, in her opinion, the method of assistance utilized by the nurse's aide on the night in question was unacceptable. Defendant countered this testimony by presenting the Director of Staff Development at Harper-Grace Hospital, who opined that the nurse's aide had not been negligent in assisting plaintiff.

Plaintiffs' first allegation of error concerns the trial court's refusal to instruct the jury regarding ordinary negligence. The trial court opted instead to give the standard jury instruction relating to professional negligence. Plaintiffs argue that the trial court's action constitutes error on the grounds that professional negligence instructions were not applicable under the facts of this case. Specifically, plaintiffs rely upon *Fogel v Sinai Hospital of Detroit,* 2 Mich App 99; 138 NW2d 503 (1965), and *Gold v Sinai Hospital of Detroit,* 5 Mich App 368; 146 NW2d 723 (1966), for the proposition that "a simple fall in a hospital constitutes ordinary negligence". However, these cases merely hold that a simple fall *may* constitute ordinary negligence. The distinction here is that plaintiffs chose to proceed, from the initial pleadings until the close of proofs, under a malpractice theory. Then, after the trial had been all but completed, plaintiffs sought to change direction and have the jury instructed as to a new theory,

*i.e.,* that the defendant was guilty of ordinary negligence. In a malpractice case, the pleadings are required to specifically state the exact theories of negligence intended to be established at trial, and one is precluded from expanding the theory of malpractice beyond that which has been alleged in the complaint. *Serafin v Peoples Community Hospital Authority,* 67 Mich App 560, 565; 242 NW2d 438 (1976); *Stanek v Bergeon,* 89 Mich App 283, 286; 279 NW2d 296 (1979).

Plaintiffs nonetheless contend that the requested instructions should have been given since the elements of ordinary negligence and professional negligence are identical, the only distinction being that expert testimony is required in a professional negligence case. This argument ignores the fact that, had plaintiffs proceeded under an ordinary negligence theory from the beginning, the defendant could have successfully prevented the introduction of testimony from Judith Gilbert, plaintiffs' expert witness. In order to establish the admissibility of expert opinion evidence, the following three factors must be established to the satisfaction of the trial court:

"First, the witness must be qualified as an expert in his field. Second, there must be facts which require an expert's interpretation or analysis. Third, the witness's knowledge must be peculiar to experts rather than to lay persons. *Dep't of Natural Resources v Frostman,* 84 Mich App 503, 505; 269 NW2d 655 (1978)." *Gallagher v Parshall,* 97 Mich App 654, 657; 296 NW2d 132 (1980). See also *Cook v Detroit,* 125 Mich App 724, 735; 337 NW2d 277 (1983).

Under a theory of ordinary negligence, the jury is competent to decide what a reasonable person would do under the circumstances, and, therefore, the testimony of plaintiffs' expert witness would

have been inadmissible. Under the proofs as developed at trial, an instruction on ordinary negligence would not have been applicable, as required by GCR 1963, 516.6(2).

Plaintiffs also assign error to the trial court's ruling on the admissibility of an incident report prepared by the defendant hospital. The defendant originally withheld the report from the plaintiffs, claiming a privilege pursuant to MCL 333.21515; MSA 14.15(21515). Nonetheless, during his cross-examination of three of the defendant's witnesses, plaintiffs' counsel made various inquiries regarding the report, including its contents and whether it had been either read or relied upon by the witnesses. At the close of proofs, the defense counsel offered the incident report into evidence, explaining that he did not wish to imply that the defendant was hiding anything from the court. At this point, the jury was excused and counsel for the plaintiffs argued against the introduction of the report. Ultimately, the trial court ruled in favor of the plaintiffs and explained to the jury that, pursuant to the rules of evidence, the incident report was inadmissible in evidence and that the jury should not infer from the plaintiffs' request to have the report excluded from evidence that they were attempting to hide something from the jury.

Plaintiffs now argue that the trial court's explanation to the jury was insufficient to eradicate the notion that they were attempting to prevent the introduction of material evidence and that the implication remained that plaintiffs had something to hide. Furthermore, they argue that the trial court should have instructed the jury that if a party does not produce a document which is in its possession, one may infer that the party is attempting to hide something from the jury.

That the trial court properly refused to instruct the jury as requested by plaintiffs needs no discussion. The defendant had a right to withhold the incident report, pursuant to MCL 333.21515; MSA 14.15(21515), and no adverse inferences were permissible from the defendant's decision to exercise this privilege.

Furthermore, the plaintiffs have no right to complain about the defendant's decision to offer the incident report into evidence. By questioning the defendant's witnesses about the report, plaintiffs' counsel "opened the door" in that regard, and plaintiffs may not now assign error to the defense counsel's reference to the report in front of the jury. As stated in *Joba Construction Co, Inc v Burns & Roe, Inc,* 121 Mich App 615, 636-637; 329 NW2d 760 (1982):

"Although it is true that counsel should avoid suggesting inadmissible evidence to the jury, MRE 103(c), error may not be predicated on statements made by counsel in closing argument if given in response to arguments made by opposing counsel. *Carbonell v Bluhm,* 114 Mich App 216; 318 NW2d 659 (1982); *Stephens v Spiwak,* 61 Mich App 647, 651; 233 NW2d 124 (1975), *lv den* 395 Mich 761 (1975)."

While the statements complained of here did not occur during closing argument, the same principle is applicable. We have no doubt that if plaintiffs' counsel had refrained from cross-examining the defense witnesses as to the incident report the defense counsel would not have moved for its admission into evidence. We therefore find no error. We also note that the trial court's explanation to the jury was more than sufficient to prevent any prejudice to the rights of either party. The trial court's denial of plaintiffs' motion for a new trial is therefore affirmed.

Affirmed.

BRONSON, P.J. *(dissenting)*. I respectfully dissent from the Court's opinion. Plaintiffs requested an instruction on ordinary negligence which, it appears to me, was applicable under the facts presented at trial. *Fogel v Sinai Hospital of Detroit,* 2 Mich App 99; 138 NW2d 503 (1965); *Gold v Sinai Hospital of Detroit,* 5 Mich App 368; 146 NW2d 723 (1966). Although plaintiffs initially proceeded under a malpractice theory, GCR 1963, 118.3 permits the amendment of pleadings to conform to evidence adduced at trial provided that the amendment would not prejudice the opposing party. See, *Denno v Providence Hospital,* 19 Mich App 547; 172 NW2d 918 (1969). No prejudice would have occurred by allowing the amendment and the attendant jury instruction on ordinary negligence. Inasmuch as the standard of care applied to a trained professional is more stringent than that applied to a lay person, defense of the malpractice theory would encompass the defense necessary under an ordinary negligence theory. I would have allowed the instruction to be given.