ADKINS v ANNAPOLIS HOSPITAL

Docket No. 70193. Argued January 5, 1984 (Calendar No. 9).—Decided December 28, 1984.

Hobert Adkins brought an action in the Wayne Circuit Court against Annapolis Hospital, Arthur B. Kellert, D.P.M. and Arthur B. Kellert, D.P.M., P.C., alleging failure to provide proper medical care in the treatment of a fracture of his foot. The action was filed more than two years, but less than three years, after his cause of action accrued. The court, Robert J. Colombo, J., granted the hospital's motion for accelerated judgment on the ground that the claim was barred by the two-year statute of limitations. The Court of Appeals, Allen, P.J., and D. C. Riley and Ferguson, JJ., affirmed (Docket No. 56790). The plaintiff appeals.

In a unanimous opinion per curiam, the Supreme Court *held:*

The period of limitation of actions against hospitals for malpractice is two years. The Legislature intended that malpractice actions would accrue against hospitals when it modified the common law to provide accrual of causes of action against enumerated state-licensed health care professionals and included hospitals in the enumeration. The limitation period for malpractice actions is two years.

Affirmed.

116 Mich App 558; 323 NW2d 482 (1982) affirmed.

LIMITATION OF ACTIONS — MALPRACTICE — HOSPITALS.

The period of limitation of actions against hospitals for malpractice is two years; the Legislature intended that malpractice actions would accrue against hospitals when it modified the common law to provide accrual of causes of action against enumerated state-licensed health care professionals and included hospitals in the enumeration (MCL 600.5805[8], 600.5838; MSA 27A.5805[8], 27A.5838).

REFERENCES FOR POINTS IN HEADNOTE

40 Am Jur 2d, Hospitals and Asylums § 39.

51 Am Jur 2d, Limitation of Actions § 146.

Applicability to negligence action against hospital, of statute of limitations applicable to malpractice and related actions against physicians, surgeons, or the like. 89 ALR2d 1180.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*) for the plaintiff.

*Cozadd, Shangle, Smith & Andrews* (by *John R. Day*) for the defendant.

Amicus Curiae:
*Kitch, Suhrheinrich, Saurbier & Drutchas, P.C.* (by *Gregory G. Drutchas* and *Susan Healy Zitterman*), for Michigan Hospital Association.

PER CURIAM. The plaintiff sued the defendant hospital, alleging that it had negligently provided certain medical services. The hospital successfully moved for accelerated judgment, persuading the trial court that the limitation period for the plaintiff's action against it was two years. GCR 1963, 116.1(5). The Court of Appeals affirmed. *Adkins v Annapolis Hospital,* 116 Mich App 558; 323 NW2d 482 (1982). Asked to review this decision,[1] we conclude that the Court of Appeals was correct, and we likewise affirm.

## I

The facts are not in dispute. It is agreed that the plaintiff was injured when he fell at home on December 3, 1977. He was taken to the emergency room of the defendant hospital. X-rays were taken of the plaintiff's foot, and he was given an elastic bandage. He was not told that he had fractured his foot. The plaintiff's discomfort discontinued. On January 17, 1978, he visited the defendant podiatrist, who accurately diagnosed a broken foot. On January 21, 1980, the plaintiff filed suit against the hospital and the podiatrist.[2] It is now agreed

---

[1] *Adkins v Annapolis Hospital,* lv gtd 417 Mich 1043 (1983).

[2] The plaintiff alleged "[t]hat at all times pertinent hereto, all defendants owed the plaintiff a duty to properly diagnose, treat, render appropriate care and observation together with appropriate follow-up care in accordance with standard of practice. Notwithstanding such duties defendants did violate same in the following particulars:

"a) In failing to take appropriate x-rays;

that this suit was filed more than two years, but less than three years, after the plaintiff's cause of action accrued.

## II

The limitation period for a malpractice action is two years. MCL 600.5805(4); MSA 27A.5805(4).[3] The limitation period for other negligence actions is three years. MCL 600.5805(8); MSA 27A.5805(8).[4]

In the Court of Appeals, the plaintiff argued unsuccessfully that subparagraphs (c)-(g) of his complaint[5] were allegations of ordinary negligence, not medical malpractice. The plaintiff does not offer that argument in this Court, instead arguing in favor of a general rule that "there is a three-year period of limitations applicable to actions against hospitals." The plaintiff believes this to be the

"b) In failing to properly interpret and diagnose said x-rays;

"c) In failing to notify plaintiff of the results of said x-rays;

"d) In negligently not having systems to advise patients of x-rays interpretations after they had been found to be positive;

"e) In fraudulently concealing from plaintiff the fact that there were fractures present in his feet;

"f) In negligently failing to call plaintiff in after x-rays were interpreted as being positive;

"g) In negligently failing to refer plaintiff to appropriate orthopaedic physicians for care;

"h) In failing to properly care and/or treat plaintiff's foot condition;

"i) In failing to advise plaintiff of alternative forms of treatment;

"j) In failing to consider possibility and/or advisability of surgical intervention for care and treatment of plaintiff's foot fracture;

"k) In failing to properly advise plaintiff of residual difficulties and to obtain plaintiff's informed consent for methodologies of treatment;

"l) In failing to prescribe appropriate orthodics [sic] and/or biomechanical treatments for plaintiff's foot condition;

"m) In negligently maintaining plaintiff on a weight-bearing regime."

[3] Prior to the effective date of 1978 PA 495, this provision was numbered MCL 600.5805(3); MSA 27A.5805(3).

[4] Prior to the effective date of 1978 PA 495, this provision was numbered MCL 600.5805(7); MSA 27A.5805(7).

[5] See fn 1.

teaching of *Kambas v St Joseph's Mercy Hospital of Detroit, Michigan,* 389 Mich 249; 205 NW2d 431 (1973). In the plaintiff's view, "the remaining question is whether *Kambas, supra,* continues to be the law of this jurisdiction."

In *Kambas,* the plaintiff sued a hospital, alleging that registered nurses, employed by the hospital, had negligently treated the plaintiff. The hospital sought to avail itself of the two-year limitation period. This Court determined that a nurse was not a professional of the sort who could be guilty of malpractice; the hospital, whose liability was predicated on a theory of *respondeat superior,* could be in no better position than the employees through whom liability was traced. Thus, reasoned this Court, the hospital could not invoke the protection of the two-year limitation period.

The conclusion that a nurse could not be guilty of malpractice was drawn from a common-law rule explained in *Richardson v Doe,* 176 Ohio St 370; 27 Ohio Op 2d 345; 199 NE2d 878; 8 ALR3d 1331 (1964). This Court then examined three provisions of the Revised Judicature Act,[6] finding therein no sign that the common law had been altered in Michigan. RJA § 2912[7] was found to address itself exclusively to the problem of the charlatan who masquerades as a professional. RJA § 5805 was said to be "nothing more than compilation of existing limitations with no change in time peri-

---

[6] MCL 600.101 *et seq.;* MSA 27A.101 *et seq.*

[7] "(1) A civil action for malpractice may be maintained against any person professing or holding himself out to be a member of a state licensed profession. The rules of the common law applicable to actions against members of a state licensed profession, for malpractice, are applicable against any person who holds himself out to be a member of a state licensed profession.

"(2) Malpractice may be given in evidence in defense to any action for services rendered by the member of a state licensed profession, or person holding himself out to be a member of a state licensed profession." MCL 600.2912; MSA 27A.2912.

ods." RJA § 5838, as it then read,[8] was said to be the embodiment of "the 'last treatment' rule of accrual."

In 1975, approximately two years after this Court's decision in *Kambas,* the Legislature amended RJA § 5838, so that it now reads:

"(1) A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession, intern, resident, registered nurse, licensed practical nurse, registered physical therapist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, X-ray technician, *hospital,* licensed health care facility, employee or agent of a hospital or licensed health care facility who is engaging in or otherwise assisting in medical care and treatment, or any other state licensed health professional, accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

"(2) An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not commenced within the time prescribed by this subsection is barred." (Emphasis supplied.) 1975 PA 142; MCL 600.5838; MSA 27A.5838.

[8] "A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose." MCL 600.5838; MSA 27A.5838.

This Court had an opportunity to consider the effect of 1975 PA 142 in *Sam v Balardo,* 411 Mich 405; 308 NW2d 142 (1981). In that case, this Court held that a legal malpractice suit is subject to the two-year limitation period. This Court cautioned that "we need not and do not decide whether actions against any professional groups, other than attorneys, are subject to the two-year period of limitations." In deciding that attorneys could join physicians, surgeons, and dentists under the protective shield of the two-year limitation period, this Court again concluded "that reliance on the other sections of the Revised Judicature Act [including RJA §§ 2912 and 5838] for a definition of malpractice for purposes of § 5805(3) is erroneous," since RJA § 5838 "still pertains to accrual periods and does not define malpractice for purposes of the two-year statute of limitations." We did, however, observe that the 1975 PA 142 amendment of RJA § 5838 "provide[s] that a malpractice cause of action may be commenced against one of the enumerated state-licensed health professionals" within certain time limits:

"The *[Sam]* majority opinion in the Court of Appeals concluded that the amendment to this section, by providing a cause of action in malpractice against nurses, was a legislative response to the Court's decision in *Kambas, supra.* While that may be so, we are more inclined to the view that this amendment is some evidence of the legislative intent that health care providers subject to liability for malpractice actions be not limited to physicians, surgeons or dentists," *Sam,* 411 Mich 421, fn 14.

### III

In the present case, the Court of Appeals found the hospital to be protected by the two-year limita-

tion period. The Court of Appeals relied upon the 1975 PA 142 amendment of RJA § 5838, and observed that *Sam* did not consider whether the common law recognized a malpractice action against a hospital.

"Initially, we observe that hospitals are covered by the two-year statute of limitations for malpractice when a cause of action for malpractice is pleaded. In determining what kinds of malpractice are covered by the two-year limitation of MCL 600.5805(4); MSA 27A.5805(4), we must glean the legislative intent from the words of the statute, providing the statute is unambiguous on its face. *Sam v Balardo,* 411 Mich 405; 308 NW2d 142 (1981). While there is some question as to which professions are protected by the shortened period, the Legislature clearly indicated that it believed certain enumerated licensed health care professionals, including hospitals, were subject to the shortened limitations period, as it listed those professions in describing a shortened period for initiating actions after discovery of the alleged malpractice, MCL 600.5838; MSA 27A.5838. Although the Supreme Court has indicated that this list of covered professions is not exhaustive and does not reflect all those professions that the Legislature intended to cover *(Sam, supra)* we believe that the list of included professions reflects the Legislature's intent to expand the class of individuals who may be sued for malpractice and to limit the time period for bringing a malpractice action against those individuals. To hold otherwise would render the language of § 5838 a nullity.

"At oral argument on appeal, plaintiff's counsel vigorously argued that the Supreme Court's reasoning in *Sam v Balardo, supra,* requires application of a three-year limitation period in this action against a hospital. In *Sam,* however, the Supreme Court held that the common law recognized an action for malpractice against attorneys and that action, as any other common-law action for malpractice, was governed by the two-year limitation period of § 5805(3) [now § 5805(4)] of the RJA. The Supreme Court did not consider whether

the common law or statute recognized a malpractice action against hospitals or what limitation period should be applied in such an action.[1]

"More closely on point is *Kambas v St Joseph's Mercy Hospital of Detroit,* 389 Mich 249; 205 NW2d 431 (1973), and the legislative reaction thereto. In *Kambas,* the Supreme Court held that the common law did not recognize a malpractice action against a nurse, so the three-year limitation for ordinary negligence, and not the two-year limit for malpractice, governed such an action. After *Kambas,* however, the Legislature amended § 5838 of the RJA, suggesting that it believed certain health care professions, including hospitals, should be protected by a two-year limitation period and by a shortened discovery period. We interpret *Sam* as the Supreme Court's recognition that the amendment to § 5838, listing those health care professions, did not indicate that the Legislature intended to preclude a common-law malpractice action against unenumerated professionals, such as attorneys.

"We believe that the Legislature has clearly indicated that hospitals should be governed by the shorter, malpractice period of limitation and, accordingly, hold that where a malpractice action is properly pleaded against a hospital the two-year limitation period of § 5805(4) applies.

---

"[1] We observe that after *Sam,* the Court has continued to acknowledge that malpractice actions may be maintained against hospitals. *Wilson v Stilwill,* 411 Mich 587; 309 NW2d 898 (1981)." 116 Mich App 561-563.

## IV

The Court of Appeals was correct. While it is true that RJA § 5838 is an accrual provision, not a definitional section, there can be no other meaning of this language other than that an "intern, resident, registered nurse, licensed practical nurse, registered physical therapist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, X-ray technician, hospital, licensed health care facility, employee or agent of

a hospital or licensed health care facility who is engaging in or otherwise assisting in medical care and treatment, or any other state licensed health professional" may be guilty of malpractice. Otherwise, there would be no reason to list those occupations in an accrual section. A malpractice action cannot accrue against someone who, or something that, is incapable of malpractice.

In *Sam,* we concluded that one still needed to look to the common law for guidance as to whether an attorney is capable of malpractice. *Sam* expressly reserved a decision "whether actions against any professional groups, other than attorneys, are subject to the two-year period of limitations." We today hold, as suggested in *Sam,*[9] that 1975 PA 142 evidenced a legislative intent to alter the common law and subject other health professionals to potential liability for malpractice. As we said in *Sam,* "1975 PA 142 subsequently amended MCL 600.5838; MSA 27A.5838 to provide that a malpractice cause of action may be commenced against one of the enumerated state-licensed health professionals."

The Legislature having in this instance modified the common law, we affirm the Court of Appeals holding that the defendant hospital could invoke in this case[10] the protection of the two-year limitation period.

Affirmed.

[9] See also *Head v Children's Hospital of Michigan,* 407 Mich 388; 285 NW2d 203 (1971).

[10] The plaintiff has not pursued in this Court his claim that his complaint alleged ordinary negligence, rather than medical malpractice. Some hospital errors in patient treatment may, of course, be ordinary negligence rather than malpractice. Illustrating this point, the Court of Appeals below wrote, "[w]e observe that the facts pleaded in this case are distinguishable from those in *Fogel v Sinai Hospital of Detroit,* 2 Mich App 99; 138 NW2d 503 (1965), and *Gold v Sinai Hospital of Detroit, Inc,* 5 Mich App 368; 146 NW2d 723 (1966), in which patients' suits against hospitals for falls were held to sound in ordinary negligence and not malpractice." 116 Mich App 564.

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred.