**Clara McLEOD, Plaintiff,**

v.

**PLYMOUTH COURT NURSING HOME, Defendant.**

**No. 97–CV–70230–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

March 28, 1997.

Ronald Robinson, Southfield, MI, for plaintiff.

Joel M. Shere, Ann Arbor, MI, for defendant.

## OPINION

DUGGAN, District Judge.

This matter is before the Court on defendant's motion to dismiss. Defendant asserts that plaintiff's complaint should be dismissed because she failed to provide defendant with written notice of her intent to file a claim 182 days before filing this action, as is required when filing a medical malpractice claim. M.C.L.A. § 600.2912b. Plaintiff argues that she has alleged an action based on ordinary negligence, not medical malpractice, and therefore was not required to provide any written notice of intent to sue.

### Background

Plaintiff filed a complaint against defendant in Wayne County Circuit Court on December 20, 1996. In her complaint, plaintiff alleged that on January 29, 1995 the defendant nursing home of which she was a resident, breached the duty of reasonable care owed to her by leaving her "wheelchair unlocked and/or unstable for sitting down and/or getting up . . . ." Plaintiff further alleges that, as a result of defendant's breach of duty of reasonable care, plaintiff fell to the floor while attempting to get into her wheelchair and fractured her left hip. (Plaintiff's Complaint, ¶¶ 5–6).

This action was removed to this court on January 21, 1997 by defendant on the basis of diversity of citizenship. On or about January 17, 1997, defendant filed an Answer to Complaint and Affirmative Defenses in which it asserted an affirmative defense that, "[p]laintiff's complaint should be dismissed for failure to provide defendant with written notice not less than 180 days before the action was filed of plaintiff's intent to file a medical malpractice action as required by

M.C.L. § 600.2912b." On January 27, 1997 defendant received from plaintiff's counsel a Notice of Intent to File Claim For Medical Malpractice. Pursuant to the statute, the Notice of Intent lays out the factual basis for the claim, as well as the applicable standard of care, the manner in which that standard was breached and the manner in which the breach proximately caused the injury claimed. (Notice of Intent . . . , Defendant's Motion to Dismiss, Exhibit A). However, it was filed after this action had been filed. Defendant filed this motion to dismiss on February 3, 1997.

Plaintiff argues that its claim is one of common negligence, not medical malpractice, and seeks to withdraw the Notice of Intent it sent to defendant pursuant to M.C.L.A. § 600.2912b.

### Discussion

■ In Michigan, a claim by a patient who has fallen in a hospital or other licensed health facility may be brought against that facility as a medical malpractice claim or as a claim for ordinary negligence. *MacDonald v. Barbarotto,* 161 Mich.App. 542, 549, 411 N.W.2d 747 (1987)(citing *Adkins v. Annapolis Hospital,* 420 Mich. 87, 95, 360 N.W.2d 150 (1984)); *see Bishop v. St. John Hospital,* 140 Mich.App. 720, 723, 364 N.W.2d 290 (1984); *see also Gallagher v. Detroit–Macomb Hospital Ass'n,* 171 Mich.App. 761, 431 N.W.2d 90 (1988); *Starr v. Providence Hospital,* 109 Mich.App. 762, 312 N.W.2d 152 (1981); *Gold v. Sinai Hospital of Detroit,* 5 Mich.App. 368, 146 N.W.2d 723 (1966) and *Fogel v. Sinai Hospital of Detroit,* 2 Mich. App. 99, 138 N.W.2d 503 (1965). The law which will be applied to the case "depends upon the theory actually pled when the same set of facts can support either of two distinct causes of action." *See Adkins v. Annapolis Hospital,* 116 Mich.App. 558, 563, 323 N.W.2d 482 (1982), *affirmed by* 420 Mich. 87, 360 N.W.2d 150 (1984)(addressing question of which statute of limitations applies when facts alleged support more than one theory of recovery). " 'The gravamen of an action is determined by reading the claim as a whole.' " *Id.* (quoting *Smith v. Holmes,* 54 Mich. 104, 19 N.W. 767 (1884)).

Medical malpractice . . . has been defined as the failure of a member of the medical profession, employed to treat a case professionally, to fulfill the duty to exercise that degree of skill, care and diligence exercised by members of the same profession, practicing in the same of similar locality, in light of the present state of medical science.

*Cotton v. Kambly,* 101 Mich.App. 537, 540–541, 300 N.W.2d 627 (1980).

■ Plaintiff here alleges in her complaint that defendant breached its duty of reasonable care, the duty element required for ordinary negligence. No reference is made to any breach or violation of a duty to exercise the degree of skill, care, or diligence exercised by hospitals in the same or similar locality.

■ Nevertheless, a complaint cannot avoid the application of the procedural requirements of a malpractice action by couching its cause of action in terms of ordinary negligence. *MacDonald, supra.* Where the parties dispute whether plaintiff has alleged malpractice or ordinary negligence, courts have attempted to ascertain whether the facts alleged present issues which are within the common knowledge and experience of the jury or, in the alternative, raise a question of medical judgment. *See Wilson v. Stilwill,* 411 Mich. 587, 611, 309 N.W.2d 898 (1981); *Adkins, supra* at 89, 360 N.W.2d 150. The cases presenting a question of medical judgment have all been distinguished from *Fogel, supra* and *Gold, supra,* in which patients' suits for falls were held to sound in ordinary negligence.

This Court is satisfied that plaintiff's complaint alleges a theory of ordinary negligence as the basis for recovery. Further, to the extent that the theory of recovery as presented in plaintiff's complaint is ambiguous, the Court finds that the facts alleged present issues within the common knowledge and experience of the jury rather than those of medical judgment.

That plaintiff's complaint alleges ordinary negligence is not the end of the Court's inquiry because plaintiff has also untimely filed a Notice of Intent to File Claim for

Medical Malpractice, setting forth a theory of recovery based on medical malpractice, which she now seeks to withdraw. *See* M.C.L.A. § 600.2912b.

In *Bishop, supra*, the Michigan Court of Appeals determined the trial court did not err by refusing to instruct the jury regarding ordinary negligence in a case where a plaintiff had fallen after a nurse's aide had positioned her behind a walker. That court found that where the plaintiffs had chosen to proceed, from initial pleadings until the close of proofs, under a malpractice theory and where plaintiffs had the benefit of expert witness testimony which they would not have been entitled to if they had proceeded on an ordinary negligence theory, an instruction on ordinary negligence would be inapplicable.

■ Because, unlike the plaintiff in *Bishop*, plaintiff here initially chose to proceed on the theory of ordinary negligence, and has derived no benefit from her subsequent attempt to rely on a medical malpractice theory of recovery, the Court will allow plaintiff to withdraw her Notice of Intent and will allow plaintiff to proceed on the theory of ordinary negligence only.

### Conclusion

Defendant's motion to dismiss plaintiff's complaint for untimely filing of her Notice of Intent, pursuant to M.C.L.A. § 600.2912b, is denied because plaintiff's complaint alleges ordinary negligence, rather than medical malpractice, and thus plaintiff was not required to give written notice pursuant to M.C.L.A. § 600.2912b.