PEOPLE v GRAY

Docket No. 60780. Submitted December 10, 1982, at Lansing.—Decided May 4, 1983.

Charles A. Gray was convicted on his plea of guilty in Genesee Circuit Court, Earl E. Borradaile, J., of breaking and entering an occupied dwelling. At the plea proceedings, defense counsel, on the record, informed the defendant that if he went to trial and took the stand he would waive his protection against self-incrimination, he could be cross-examined and evidence of any previous record could be brought out. The presentence report mentioned defendant's prior juvenile dispositions and prior charges which did not result in convictions. No objection to the accuracy of this information was made when the trial court asked if there were any corrections or objections to the information contained in the report. Defendant appeals. *Held:*

1. Since the defendant's only prior convictions were juvenile convictions which could not be used against defendant for impeachment, the statement by defense counsel amounted to misinformation. Had that misinformation been given by the trial court, defendant's guilty plea would have to be set aside; however, automatic reversal is not appropriate where the misinformation comes from defense counsel. Since the nature of defendant's claim on appeal is, in reality, a claim of ineffective assistance of counsel, the question is not properly preserved for appeal, there having been neither a motion to withdraw the

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 472, 473.

Construction and application of Rule 11(c) of Federal Rules of Criminal Procedure, as amended in 1975, requiring court to give certain advice to defendant before accepting plea of guilty or nolo contendere. 41 ALR Fed 874.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 5 Am Jur 2d, Appeal and Error §§ 624-627.

21 Am Jur 2d, Criminal Law §§ 501-503.

[3, 4] 21 Am Jur 2d, Criminal Law §§ 527, 528.

[3] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 56.

plea nor a motion for an evidentiary hearing made in the trial court nor a motion for remand in the Court of Appeals.

2. A sentencing court may consider evidence of juvenile dispositions or criminal charges not resulting in convictions in determining the appropriate sentence if such information concerning such dispositions or charges is accurate. Since no objection was made to the accuracy of the information in the presentence report relative to the juvenile dispositions or charges not resulting in convictions in response to the trial court's inquiry as to the accuracy of the information in the report, reversal is not mandated by the inclusion of that information in the presentence report.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — MISSTATEMENTS OF LAW — DEFENSE COUNSEL — APPEAL.

A guilty plea will be set aside on appeal if the trial judge has misstated the law during the plea-taking proceedings; however, for policy reasons, the Court of Appeals cannot always automatically set aside a guilty plea where defense counsel has given erroneous advice on the record, since such automatic relief might encourage defense counsel to misstate the law on the record in order to provide his client with the opportunity to attack the plea-based conviction on appeal.

2. CRIMINAL LAW — GUILTY PLEAS — ASSISTANCE OF COUNSEL — PRESERVING QUESTION — APPEAL.

A claim on appeal that reversal of a guilty-plea based conviction is mandated by reason of the fact that defense counsel misstated the law on the record is, in reality, a claim of ineffective assistance of counsel; as such, the question is not properly raised on appeal in the absence of a motion to withdraw the plea in the trial court or a request for a motion to remand to the trial court for an evidentiary hearing.

3. CRIMINAL LAW — SENTENCING — JUVENILE RECORD — CRIMINAL CHARGE WITHOUT CONVICTION.

A sentencing court, in its determination of the appropriate sentence, may consider both prior juvenile dispositions and charges which did not result in convictions so long as the information concerning such dispositions and charges is accurate.

4. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

A sentencing court, when confronted by a claim that a presentence report contains inaccurate information, must hold an evidentiary hearing, accept the unsworn statement of the de-

fendant, or ignore the alleged misinformation in its considera-
tion of the appropriate sentence; if the sentencing court chooses
to ignore the alleged misinformation, the court must clearly
indicate that it is not considering the alleged misinformation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Janice K. Rundles,* Assistant Prosecuting Attorney, for the people.

*Dolores M. Coulter,* for defendant on appeal.

Before: BRONSON, P.J., and T. M. BURNS and ALLEN, JJ.

PER CURIAM. On June 29, 1981, defendant pled guilty to breaking and entering an occupied dwelling, MCL 750.110; MSA 28.305, and was subsequently sentenced to a term of from 7-1/2 to 15 years imprisonment. He appeals as of right.

Defendant first argues that he was given erroneous information at the plea-taking proceeding. After the trial judge elicited the factual basis, defendant's counsel stated to defendant:

"I think perhaps you should understand if you take the stand, you waive your protection against self-incrimination. In other words, you can be cross-examined and any previous record could be brought out against you if you decide to testify, don't you?
*"Defendant Gray:* Yes."

As it turns out, defendant's only prior convictions were juvenile convictions which the prosecutor now concedes could not have been used against defendant. MRE 609(d).

A defendant's plea will be set aside if the trial

judge has misstated the law during the plea-taking. *People v Mitchell,* 412 Mich 853; 312 NW2d 152 (1981); *People v Maurice Jones,* 37 Mich App 283; 194 NW2d 534 (1971). However, for policy reasons, we cannot always automatically set aside a defendant's guilty plea whenever defense counsel has given erroneous advice on the record. An overzealous counsel could find such a rule too tempting and therefore misstate the law on the record to give his client "appellate insurance" just in case the client later changes his mind about pleading guilty.

In *People v Poindexter,* 44 Mich App 325, 327; 205 NW2d 235 (1973), *lv den* 408 Mich 948 (1980), the defense counsel erroneously told his client on the record that he could receive probation even though he was pleading guilty to second-degree murder. This Court ruled:

"In this case, however, we cannot believe defendant was prejudiced by the apparent misinformation. He was charged with serious crimes of violence, and was pleading guilty to lesser, but nevertheless serious, charges. We cannot believe that defendant's decision to plead guilty to these lesser offenses was motivated or, even influenced, by a belief that there was a possibility that he would be put on probation."

*Poindexter,* however, was decided prior to the adoption of GCR 1963, 785.7. Although its result and reasoning are very persuasive when applied to its own facts, they do not apply as well in the present case. Defendant herein pled guilty to breaking and entering in exchange for the prosecutor's dismissing another breaking and entering charge against him. However, he just possibly may have decided to go to trial if he had known that his juvenile conviction could not be used against

him. The record, as it stands, does not tell us if he would have or not.

In reality, this is an ineffective assistance of counsel argument. As such, it is not properly before this Court. We do not know why defendant pled guilty. If defendant believed what his counsel said and would not otherwise have pled guilty, he should have attempted to withdraw his guilty plea pursuant to GCR 1963, 785.7(6). Since he has not, the issue is not properly before this Court. Moreover, defendant has failed to establish the factual background necessary to decide such an ineffective assistance of counsel argument. We do not know what part this erroneous "advice" played in defendant's decision to plead. Even if we were inclined to decide the issue despite the absence of a motion to withdraw the guilty plea, we could not because defendant has failed either to move in the trial court for an evidentiary hearing to show ineffective assistance of counsel or to move in this Court to have the matter remanded to the trial court pursuant to *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973). See *People v Lawson,* 124 Mich App 371; 335 NW2d 43 (1983).

Defendant also argues that he is entitled to a resentencing, claiming that the trial judge erred in considering, for the purpose of determining the sentence, prior juvenile charges which did not result in convictions. However, not only may prior juvenile dispositions be mentioned in a presentence report, *People v McFarlin,* 389 Mich 557; 208 NW2d 504; 64 ALR3d 1274 (1973), but also charges which did not result in convictions may be mentioned. *People v Martin,* 393 Mich 145; 224 NW2d 36 (1974); *People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975), *rev'd on other grounds* 400 Mich 1; 252 NW2d 779 (1977).

Such information may be used so long as it is

accurate. *People v Gunter,* 76 Mich App 483; 257 NW2d 133 (1977). When a defendant claims that a presentence report contains an error, the trial judge may hold an evidentiary hearing to determine the report's accuracy, may accept the defendant's unsworn statement, or may ignore the alleged misinformation while sentencing. *People v Casanas,* 120 Mich App 614; 327 NW2d 534 (1982). He may not ignore the allegation. *People v Baker #2,* 103 Mich App 704; 304 NW2d 262 (1981), *held in abeyance* 412 Mich 859 (1981). He must clearly indicate that he is not considering the alleged inaccuracy. *People v Brown,* 104 Mich App 803; 306 NW2d 358 (1981), *rev'd on other grounds* 412 Mich 913; 317 NW2d 189 (1982).

In the present case, however, defendant did not claim that any information was inaccurate, though he did state that he did not remember the March 24, 1978, petition for larceny in a building. He also first stated that he did not remember the April 25, 1976, petition for larceny in a building, but later said "I think that was some kind of misunderstanding". We do not view these as objections to the report's accuracy. In fact, earlier the following exchange occurred:

"*The Court:* Are there any corrections or objections that you have as to the report?

"*Mr. Darrah:* My client informs me that his father was never sentenced for a B & E. He further says that he did not fail his courses. And he also says that he did better in math than anything else.

"*The Court:* All right.

"Any other corrections or objections that you have, Mr. Gray?

"*The Defendant:* No, sir."

We note that the trial judge did sufficiently respond to these particular allegations.

Affirmed.