PEOPLE v HENDERSON

Docket No. 73772. Submitted May 7, 1985, at Grand Rapids.—Decided August 19, 1985.

Andre T. Henderson was convicted, on his plea of guilty, of attempted uttering and publishing, Calhoun Circuit Court, James C. Kingsley, J. His plea was made in exchange for dismissal of the original charge of uttering and publishing and the prosecutor's recommendation that defendant be sentenced to no more than one year in the county jail. Defendant was sentenced to two years' probation, conditioned on his serving nine months in the county jail. Defendant moved to withdraw his plea on the basis that the trial court had not followed the sentence recommendation. The trial court denied the motion but offered to eliminate probation and give defendant a sentence of one year in the county jail. Later, defendant moved to withdraw his plea, alleging that he was under the influence of drugs at the guilty plea hearing. Defendant argued that the drugs prevented him from understanding the nature of the proceedings. The trial court denied the motion. Defendant appealed. *Held:*

1. A trial court which has accepted a plea of guilty and sentenced a defendant has jurisdiction to correct an error in sentencing by resentencing the defendant in conformity with the prosecutor's recommendation when the recommendation was part of the plea bargain inducing the guilty plea. Refusal of the court's offer to resentence the defendant in conformity with the prosecutor's recommendation constitutes a waiver of the issue on appeal.

2. The transcript of the plea-taking hearing does not reveal an abuse of discretion in the court's denying defendant's motion based on his allegedly being under the influence of drugs at the plea-taking hearing.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Criminal Law §§ 580-586.

Power of court to increase severity of unlawful sentence-modern status. 28 ALR 4th 147.

CRIMINAL LAW — GUILTY PLEAS — SENTENCING — RESENTENCING —
    WAIVER — APPEAL.

> A trial court which has accepted a plea of guilty and sentenced a
> defendant has jurisdiction to correct an error in sentencing by
> resentencing the defendant in conformity with the prosecutor's
> recommendation where the recommendation is part of the plea
> bargain inducing the guilty plea; refusal of the court's offer to
> resentence the defendant in conformity with the prosecutor's
> recommendation constitutes a waiver of the issue on appeal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad Sindt,* Prosecuting Attorney, and *Wendelyn M. Harris,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson*), for defendant on appeal.

Before: SHEPHERD, P.J., and R. M. MAHER and W. R. PETERSON,* JJ.

SHEPHERD, P.J. Defendant pled guilty to attempted uttering and publishing, MCL 750.249; MSA 28.446; MCL 750.92; MSA 28.287, in exchange for dismissal of the original charge of uttering and publishing and the prosecutor's recommendation that defendant be sentenced to no more than one year in the county jail. Subsequently, defendant was sentenced to two years' probation, conditioned on defendant's serving nine months in the county jail.

Defendant later moved to withdraw his plea on the basis that the trial court had not followed the sentence recommendation. The trial court denied the motion but offered to eliminate probation and give defendant a sentence of one year in the county jail. Defense counsel responded that he believed that the court had lost jurisdiction to amend the sentence in the case.

Still later, defendant again moved to withdraw

---

* Circuit judge, sitting on the Court of Appeals by assignment.

his plea, alleging that he was under the influence of drugs at the guilty plea hearing. Defendant argued that the drugs prevented him from understanding the nature of the proceedings. The trial court denied the motion.

On appeal, defendant renews his argument that he was under the influence of drugs and could not understand or recall the proceedings at the plea hearing. We disagree. Although defendant presented some expert testimony indicating that a drugged individual may appear capable of knowingly pleading guilty when he is actually confused, the transcript of the plea hearing is strong evidence in support of the trial court's decision on this issue. We find no abuse of discretion. *People v Matheson.* 70 Mich App 172, 176-177; 245 NW2d 551 (1976). We are not persuaded by defendant's argument that the plea was involuntary due to his alleged consumption of drugs beforehand.

Next, defendant argues that he should have been given an opportunity to withdraw the plea when the trial court failed to follow the prosecutor's sentence recommendation. *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982). We agree with defendant to the extent that when he pled guilty he did not know that he would receive a probationary term longer than one year and, therefore, was not "fully aware of all the consequences of his guilty plea". 416 Mich 210. However, at the hearing on defendant's motion, the trial court indicated a willingness to amend the probation order to reflect the prosecutor's sentence recommendation.

We believe the trial court had jurisdiction to correct its own error by resentencing defendant in conformity with the prosecutor's sentence recommendation. The trial court attempted to do so, but defendant declined the court's offer and continues

to decline the offer on appeal.[1] If defendant had accepted the offer, there would have been no violation of the Supreme Court's holding in *Killebrew, supra.* The plea did not simply disappear, like a bursting bubble, when the trial court deviated initially from the prosecutor's recommendation.

In *Killebrew, supra,* p 210, fn 10, the Supreme Court observed that the defendant may choose to affirm his guilty plea even if the court refuses to be bound by the prosecutor's recommendation, in which case "the right to withdraw his plea lapses". We conclude the same is true when defendant refuses an offer by the court to conform the sentence to the prosecutor's recommendation. In this case, defendant's refusal to accept the court's offer and his insistence that only by vacating the plea altogether could the court cure its error constitutes a waiver of the issue.

Affirmed.

---

[1] This is understandable, given the impending expiration of the two-year probationary period.