PEOPLE v ROBINSON

Docket No. 82682. Submitted September 5, 1985, at Lansing.—Decided
December 3, 1985.

Edward L. Robinson pled guilty in Jackson Circuit Court to a
charge of delivery of cocaine and was sentenced to from 5 to 20
years in prison, James G. Fleming, J. Defendant appealed,
arguing that he was sentenced on inaccurate information and
thus deprived of due process. *Held:*

The trial court relied on unsubstantiated information in the
presentence report concerning three cocaine purchases involv-
ing the defendant. Defendant was not charged with those
alleged offenses and he denied that they occurred. The court,
nevertheless, considered the unsubstantiated transactions and
factored them into the sentencing guidelines scoring, which
raised defendant's Offense Severity level to III. Reliance on
such information is not proper unless it is accurate. Defen-
dant's sentence is set aside and the case is remanded for
resentencing.

Remanded for resentencing.

1. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS — INACCU-
RATE INFORMATION.

It is vitally important to the defendant and to the ends of justice
that a sentence be based upon accurate information; therefore,
when a defendant claims that a presentence report contains an
error, the trial court may hold an evidentiary hearing to
determine the report's accuracy, may accept the defendant's
unsworn statement, or may disregard the alleged misinforma-
tion in determining the sentence.

2. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

A sentencing court may consider other criminal activities in
which a defendant was involved even though they did not
result in charges or convictions; however, reliance on such
information is not proper unless it is accurate.

REFERENCES

Am Jur 2d, Criminal Law § 528.

Defendant's right to disclosure of presentence reports. 40 ALR3d
681.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Brian E. Thiede,* Assistant Prosecuting Attorney, for the people.

*Dunnings & Canady, P.C.* (by *Stuart J. Dunnings, Jr.),* for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and D. F. WALSH, JJ.

PER CURIAM. Defendant appeals after pleading guilty to delivery of cocaine, MCL 333.7401(1) and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv), in Jackson County Circuit Court. He was sentenced to from 5 to 20 years in prison.

On appeal, defendant argues that he was sentenced on inaccurate information and thus deprived of due process.

'Consonant with due process, it is vitally important to the defendant and to the ends of justice that the sentence be based upon accurate information. *People v Malkowski,* 385 Mich 244, 249; 188 NW2d 559 (1971). When a defendant claims that a presentence report contains an error, the trial judge may hold an evidentiary hearing to determine the report's accuracy, may accept the defendant's unsworn statement, or may disregard the alleged misinformation in determining the sentence. *People v Gray,* 125 Mich App 482, 487; 336 NW2d 491 (1983).

In the case before us, defense counsel objected at sentencing to "certain statements" made by a Mr. Hartman of the Jackson City Police Department which appeared in the presentence report. Counsel told the court that the allegations were unsubstantiated and asked the court to strike the paragraph from the record. The court responded:

"*The Court:* Well, counsel, in regards to the statements in the presentence report, as to what detective Mel Hartman alleges, I'm not considering that in the sentence I impose here. However, I am considering that part of it, that the three purchases were made on other occasions, 12-21-83, 1-4-84, and 1-9-84, since they are part of the plea bargain agreement.

"*[Defense Counsel]:* Except, if it please the Court, the defendant specifically denies these specific allegations. His reason for pleading, as he stated on the record, in connection with those other three charges, he was taking the heat, he can't afford to retain counsel.

"*The Court:* If he wants to go on the plea bargain agreement, that's his right. I'll then entertain it, counsel.

"*[Defense Counsel]:* No, sir, he pled—he pled to this incident. His version is in there."

After discussing another matter, defense counsel said that he had nothing further to say. The court affirmed the reliability of the presentence report and repeated that, while it would not consider the allegations of Detective Hartman, it would consider the three other sales involved in the plea bargain agreement.

It appears from the file that defendant was never charged with the three other alleged sales. A sentencing court may consider other criminal activities in which a defendant was involved even though they did not result in charges or convictions. *People v McCuaig,* 126 Mich App 754, 762; 338 NW2d 4 (1983), *lv den* 419 Mich 876 (1984). However, reliance on such information is not proper unless it is accurate. *Id.* This Court was persuaded in *People v Books,* 95 Mich App 500; 291 NW2d 94 (1980), to permit statements of other criminal activity in presentence reports because it noted that, if the matters were disputed, the sentencing court could disregard the matters or conduct a hearing to determine their accuracy. In

*People v Beal,* 104 Mich App 159; 304 NW2d 513 (1981), *lv den* 413 Mich 888 (1982), this Court found no due process problem with a presentence report which contained other untried, unproven crimes defendant denied, because the sentencing court consistently denied that the offenses would affect the sentence imposed.

In the case before us, however, the sentencing judge did not hold an evidentiary hearing, did not accept defendant's version, nor did he ignore the allegations. To the contrary, he specifically stated he would consider them, and factored them into the sentencing guidelines scoring, which raised defendant's Offense Severity level to III.

The fact that a defendant entered into a plea bargain agreement in which the prosecutor agrees not to proceed against the defendant with respect to certain alleged criminal conduct does not constitute an admission on the part of the defendant that he is guilty of that criminal conduct.

The defendant's sentence is set aside and the case is remanded to the trial court for resentencing.