PEOPLE v TEW

Docket No. 85594. Submitted February 5, 1986, at Detroit. Decided May 6, 1986.

Dennis W. Tew was convicted on his plea of guilty to two counts of first-degree criminal sexual conduct, one count of third-degree criminal sexual conduct, and one count of unarmed robbery. The Oakland Circuit Court, Robert L. Templin, J., sentenced defendant to fifteen to one hundred years in prison on each of the criminal sexual conduct counts and ten to fifteen years in prison on the unarmed robbery count. The circuit court denied a motion by defendant to withdraw his plea. Defendant appealed. *Held:*

1. Defendant's claim that he misunderstood the minimum sentence recommendation of ten to fifteen years as being a ten-year minimum to a fifteen-year maximum sentence recommendation was not supported by the record. The circuit court did not abuse its discretion in denying defendant's motion to withdraw his plea based on this claim.

2. The case must be remanded for a hearing to determine whether the circuit court relied on information contained in the presentence report and challenged by defendant as inaccurate, since the circuit court did not indicate whether or not it relied on the challenged information. On remand, if it is determined that the sentencing court did in fact rely on the challenged information, then defendant shall be resentenced; otherwise, defendant's sentence shall stand.

Affirmed in part and remanded in part.

REFERENCES

Am Jur 2d, Criminal Law §§ 469 *et seq.,* 500-507, 525 *et seq.,* 583 *et seq.*

Withdrawal of plea of guilty or nolo contendere, after sentence, under Rule 32(d) of Federal Rules of Criminal Procedure. 9 ALR Fed 309.

Power or duty of state court, which has accepted guilty plea, to set aside such plea on its own initiative prior to sentencing or entry of judgment. 31 ALR4th 504.

Adequacy of defense counsel's representation of criminal client regarding plea bargaining. 8 ALR4th 660.

Propriety and prejudicial effect of showing, in criminal case, withdrawn guilty plea. 86 ALR2d 326.

BEASLEY, P.J., dissented. He would hold that the circuit court acknowledged and sufficiently responded to defendant's claim that the presentence report was inaccurate. He would affirm.

### OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT — APPEAL.

A challenge to the accuracy of a presentence report challenges the sentencing process, not the conviction; thus, withdrawal of a guilty plea is not an appropriate remedy even if inaccurate information was actually considered and used by the sentencing court; the appropriate remedy in such a case would be a resentencing of the defendant.

2. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT.

A sentencing court, where the accuracy of information in a presentence report is challenged, may make a determination as to the accuracy of the information, or, as a matter of expediency, disregard the challenged information in sentencing the defendant; in a case where the defendant alerted the sentencing court to an alleged inaccuracy in the presentence report, and the sentencing court acknowledged the alleged inaccuracy prior to sentencing but did not clearly indicate whether or not it relied on the challenged information, a hearing must be held to determine whether or not the sentencing court relied on the challenged information.

### DISSENT BY BEASLEY, P.J.

3. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT.

*A hearing to determine whether a sentencing court relied on information contained in the presentencing report whose accuracy is challenged by a defendant is not necessary where, after the defendant alerted the sentencing court to his challenge, the sentencing court acknowledged the challenge and sufficiently responded to it by engaging, at the time of sentencing, in a colloquy with the defendant concerning the alleged inaccuracy.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Margaret Horenstein,* Assistant Prosecuting Attorney, for the people.

*Thomas Jamnik,* for defendant.

Before: BEASLEY, P.J., and GRIBBS and M. H.
CHERRY,* JJ.

PER CURIAM. Defendant pled guilty to two
counts of first-degree criminal sexual conduct,
MCL 750.520b; MSA 28.788(2), one count of third-
degree criminal sexual conduct, MCL 750.520d;
MSA 28.788(4), and one count of unarmed robbery,
MCL 750.530; MSA 28.798. Defendant was sen-
tenced to fifteen to one hundred years imprison-
ment on each of the criminal sexual conduct counts,
and ten to fifteen years imprisonment on the un-
armed robbery count. After sentencing, defendant
moved to withdraw his plea. The motion was denied
by the trial court. Defendant appeals from this
denial. We affirm the denial of defendant's motion
to withdraw his plea, but remand for a hearing
on whether the trial court considered allegedly
inaccurate information in the presentence report
in sentencing defendant.

Defendant contends that his motion to withdraw
his guilty pleas should have been granted because
he misunderstood the sentence recommendation of
a ten- to fifteen-year minimum sentence as being a
ten-year minimum to a fifteen-year maximum rec-
ommendation and because factual inaccuracies
existed in the presentence report.

Defendant's first claim, that he misunderstood the
sentence recommendation, is not supported by the
record. Defendant's counsel plainly stated the rec-
ommendation on the record three different times.
Moreover, the recommendation was written out on
the plea form. Upon defendant's raising of this
issue before the trial court, defense counsel stated
on the record that he had explained the recom-
mendation as a ten- to fifteen-year minimum, not a
ten- to fifteen-year sentence, whenever he spoke with

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant. On this record we find that the trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea. *People v Henderson,* 144 Mich App 801, 803; 377 NW2d 319 (1985).

With respect to defendant's second argument, we first point out that a challenge to the accuracy of a presentence report challenges the sentencing process, not the conviction. Thus, withdrawal of a guilty plea is not an appropriate remedy even if inaccurate information was actually considered and used by the trial court in sentencing. The remedy in such a case would be a resentencing of the defendant.

Where the accuracy of information in a presentence report is challenged, the trial court may make a determination as to the accuracy of the information, or, as a matter of expediency, disregard the challenged information in sentencing the defendant. *People v Taylor,* 146 Mich App 203, 205; 380 NW2d 47 (1985). In the instant case, the defendant alerted the trial court to an alleged inaccuracy in his presentence report. The court acknowledged the alleged inaccuracy prior to sentencing defendant, but did not clearly indicate whether or not it relied on the challenged information.

This Court has developed three approaches in dealing with such situations. The first is to view the acknowledgment of the alleged inaccuracy as a sufficient response. *People v Gray,* 125 Mich App 482, 487; 336 NW2d 491 (1983). The second is to remand for a hearing at which the trial court determines whether the challenged information affected its sentencing decision. *People v Brown,* 104 Mich App 803, 821; 306 NW2d 358 (1981) (opinion of Judge GILLIS), rev'd on other grounds 412 Mich 913; 317 NW2d 189 (1982). The third is

to remand for resentencing. *People v Edenburn,*
133 Mich App 255, 258; 349 NW2d 151 (1983).

We agree with the second approach and remand
for a hearing within twenty days at which the
trial court shall determine whether the chal-
lenged information affected the court's imposi-
tion of sentence. If so, defendant's sentence is va-
cated and defendant shall be resentenced. If not,
then defendant's sentence stands.

Affirmed in part and remanded in part.

BEASLEY, P.J. *(dissenting).* I respectfully dissent.

I believe defendant's alleged basis for with-
drawal of his guilty plea is entirely frivolous. In
addition, defendant complains of the presentence
report as follows:

> *Mr. Tew:* Okay, I also find that the presentence
> report isn't exactly factual and part is missing.
> *Mr. Court:* How isn't it factual?
> *Mr. Tew:* On the part of Mr. Golden's—what Mr.
> Golden had to say. I've only seen the man two
> times and I never discussed anything.
> *The Court:* Well, how isn't it factual, what is not
> true?
> *Mr. Tew:* Okay, there's statements in there say-
> ing that I had blamed this on somebody else set
> me up doing it and then I never recall saying
> anything like that.
> *The Court:* You don't recall saying anything like
> that, is that what you're saying?
> *Mr. Tew:* No, I never said anything like that.

The trial court acknowledged defendant's claim.
Under the circumstances of this case, the response
was sufficient.

I would affirm.