PEOPLE v CROSS

Docket No. 124383. Submitted September 13, 1990, at Grand Rapids. Decided November 6, 1990, at 9:10 A.M.

Kevin Cross pled guilty in Kent Circuit Court of felonious assault and being a second-felony offender and was sentenced to four to six years in prison, Dennis B. Leiber, J. The defendant appealed.

The Court of Appeals *held:*

1. The trial court did not err in considering information in the presentence report concerning three separate contacts the defendant had with the criminal justice system which occurred while the defendant was a juvenile, seventeen and eighteen years before the current offense, and which did not result in criminal charges or convictions.

2. The defendant raised and preserved the issue of sentence length in this appeal which was pending when the Supreme Court decided *People v Milbourn,* 435 Mich 630 (1990), which requires that a sentence on appeal is to be judged against the principle of proportionality created in *Milbourn.* Thus, *Milbourn* applies to this appeal. The case is remanded to the trial court for resentencing in light of *Milbourn.*

Remanded for resentencing.

1. CRIMINAL LAW — SENTENCING — JUVENILE RECORDS — CRIMINAL CHARGES WITHOUT CONVICTIONS.

A sentencing court, in determining an appropriate sentence, may consider both prior juvenile dispositions and charges which did not result in convictions, so long as the information is accurate (MCR 6.425).

2. APPEAL — CRIMINAL LAW — SENTENCING — PRINCIPLE OF PROPORTIONALITY.

*People v Milbourn,* 435 Mich 630 (1990), which requires that a sentence on appeal is to be judged against the principle of

REFERENCES

Am Jur 2d, Appeal and Error § 545; Criminal Law §§ 598, 599; Habitual Criminals and Subsequent Offenders § 30.

Consideration of accused'sjuvenile court record in sentencing for offense committed as adult. 64 ALR3d 1291.

proportionality, applies to cases pending on appeal when it was decided and in which the issue of sentence length was raised and preserved.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *Helen V. Brinkman,* Assistant Prosecuting Attorney, for the people.

*Jeffrey P. Kirchhoff,* for the defendant on appeal.

Before: WEAVER, P.J., and SAWYER and NEFF, JJ.

PER CURIAM. Defendant pled guilty in the Kent Circuit Court of felonious assault, MCL 750.82; MSA 28.277, and of being a second-felony offender, MCL 769.10; MSA 28.1082. After being sentenced to four to six years, defendant filed this appeal as of right raising two issues. We remand for resentencing.

I

Defendant first claims that he is entitled to have stricken from his presentence report incidents which occurred while he was a juvenile but which did not result in criminal charges or convictions. At sentencing, defendant, through counsel, objected to inclusion in the presentence report of information concerning three separate contacts with the criminal justice system which occurred seventeen and eighteen years prior to the current offense. None of the contacts resulted in charges being filed against defendant.

The trial judge, in denying the objections, explained that he relied on MCR 6.425 and that the

information concerning the juvenile incidents provided a "brief social history of the defendant" which was of assistance to him in the sentencing procedure. The trial judge went on to indicate that the matters in question were not sufficiently weighty to be determinative of the sentence in this case.

We find that the trial judge was well within permissible bounds in refusing to strike the information concerning defendant's juvenile contacts. MCR 6.425(A)(4) provides that a presentence report, depending on the circumstances, must include a "brief social history of the defendant." MCR 6.425(A)(12) provides that a presentence report may include any information that may be of assistance to the court in sentencing. Clearly, the trial judge in this case found the information in question to be of assistance to him in sentencing, specifically mentioning that the information in question fell within MCR 6.425(A)(4), as he viewed it.

In *People v Gray,* 125 Mich App 482; 336 NW2d 491 (1983), this Court held that juvenile charges which did not result in convictions could be mentioned in a presentence report. As in *Gray,* defendant here did not claim that any of the information was inaccurate. The trial court posed the following question during sentencing:

> *The Court:* So that I understand, you're not saying that these things are untrue; you're just saying that they weren't convictions or juvenile adjudications, isn't that right?
> *The Defendant:* True . . . .

We find that the court rule and the opinion in *Gray* provide ample authority for the judge's exercise of discretion in this case, and we find no error.

II

Defendant raised and preserved the issue of sentence length in this appeal which was pending when *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), was decided. Therefore, *Milbourn* applies to this appeal. *Id.,* p 670.

*Milbourn* instructs us that a sentence on appeal is to be judged against the "principle of proportionality" created in that opinion. We conclude that the appropriate remedy in this case is to remand the matter to the trial court for resentencing in light of the opinion in *Milbourn.* We express no opinion whether the sentence imposed violates the principle of proportionality.

Remanded for resentencing. We do not retain jurisdiction.