*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARIO WILLIS,

        Defendant-Appellant.

UNPUBLISHED
June 3, 2021

No. 346057
Wayne Circuit Court
LC No. 09-028750-01-FC

AFTER REMAND

Before: RONAYNE KRAUSE, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

After a jury trial in 2010, defendant was convicted of second-degree murder, MCL 750.317, and arson of a dwelling-house, MCL 750.72. This case is before us for the fifth time. In our prior opinions we affirmed defendant's convictions, however, we remanded for resentencing because of the trial court's failure to adequately justify imposing a departure sentence for the second-degree murder conviction. Following the most recent remand, the trial court resentenced defendant to 30 to 55 years' imprisonment for second-degree murder, which was within the minimum sentence guidelines range. We affirm.

## I. BACKGROUND

In our most recent opinion, we summarized the facts of this case at follows:

This case arises from an incident where defendant paid his employee, Darian Dove, to set fire to a house owned by defendant's then-girlfriend, apparently to avoid loss of the home to foreclosure. The house was empty when the fire was set. Firefighters arrived, entered the home and one of them, Walter Harris, was killed when a ceiling collapsed onto him. Defendant was charged with arson of a dwelling-house and second-degree murder on the theory that he had acted in wanton and willful disregard of the likelihood that setting the fire would naturally tend to cause death or great bodily harm. [*People v Willis* (*Willis IV*), unpublished

-1-

per curiam opinion of the Court of Appeals, issued April 16, 2020 (Docket No. 346057).]

We also summarized the case's sentencing and procedural history:

[Defendant] was originally sentenced to 500 to 750 months for the second-degree murder conviction and 10 to 20 years for the arson of a dwelling-house conviction. Defendant appealed to this Court; we vacated defendant's sentences and remanded the case to the trial court for resentencing on the grounds that the trial court erred in failing to justify the extent of its departure from the sentencing guidelines range. [*People v Willis (Willis I)*, unpublished per curiam opinion of the Court of Appeals, issued November 1, 2012 (Docket No. 298643).] Defendant was resentenced by the same judge, and his sentences remained unchanged. Defendant again appealed, and this Court vacated his sentences and remanded for resentencing before a different judge. [*People v Willis (Willis II)*, unpublished per curiam opinion of the Court of Appeals, issued August 11, 2015 (Docket No. 320659).] However, the Supreme Court vacated that judgment and remanded to us in light of *Lockridge*. We again vacated defendant's sentences and remanded for resentencing before a different judge. [*People v Willis (Willis III)*, unpublished per curiam opinion of the Court of Appeals, issued February 1, 2018 (Docket No. 320659).] Defendant was resentenced, for the second time, to 450 to 700 months for second-degree murder and 10 to 20 years for arson of a dwelling-house. [*Willis IV*, unpub op at 1-2.]

Defendant appealed following resentencing, and although we affirmed the trial court's scoring of the sentencing guidelines, "we again vacate[d] defendant's sentences and remand[ed] for resentencing because the court failed to sufficiently explain why a minimum sentence of 450 months was required in order for the sentence to be proportional to the offense and the offender as opposed to a sentence within the rescored guidelines range, which provided for a minimum term anywhere between 225 to 375 months." *Id*. at 2. While retaining jurisdiction, we remanded "for resentencing or for the trial court to issue an order clearly articulating its reasons for the departure and its extent." *Id*. at 8.

On remand, the trial court decided to resentence defendant rather than supplement its previous decision to impose a departure sentence. The guidelines range were again calculated at 225 to 375 months, and the trial court sentenced defendant near the top of the guidelines to a minimum of 30 years (360 months) in prison. Defendant was sentenced to a concurrent term of 10 to 20 years' imprisonment for arson of a dwelling-house. Defendant then filed a supplemental brief with this Court requesting that we remand for resentencing. For the reasons stated in this opinion, we decline to do so.[1]

---

[1] We review for an abuse of discretion whether a trial court properly imposed a sentence that was proportionate to the offender and offense. See *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017).

## II. ANALYSIS

Defendant first argues that his sentences were based on inaccurate information.

Defendants have a due process and statutory right to be sentenced on the basis of accurate information. See *People v Eason*, 435 Mich 228, 233; 458 NW2d 17 (1990); *People v Francisco*, 474 Mich 82, 90; 711 NW2d 44 (2006). Sentences that are based on inaccurate information are invalid. *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997).

With one exception, defendant does not argue that the trial court made inaccurate findings at resentencing. Rather, defendant contends that he was sentenced on the basis of inaccurate information because the trial court did not consider his challenges to the accuracy of the facts that led to his conviction. In *Willis I*, we affirmed defendant's convictions after rejecting numerous claims of error. *Willis I*, unpub op at 2-16. At resentencing, defendant maintained his innocence and referred to "new evidence" that supported his position. The trial court explained that a claim of new evidence could be brought only under MCR 6.500, *et seq.*, after the appeals process had been completed. See *People v Reed*, 198 Mich App 639, 642 n 1; 499 NW2d 441 (1993) ("[Subchapter 6.500] is the exclusive means to challenge a conviction in Michigan once a defendant has exhausted the normal appellate process.").

Defendant acknowledges that he could not challenge his convictions at resentencing but maintains that the trial court should have considered his challenges to facts underlying those convictions for purposes of determining a proportionate sentence. However, some of the facts that defendant challenges relate directly to elements of the crimes for which he was convicted. For example, arson requires an intentional act, see *People v Nowack*, 462 Mich 392, 409; 614 NW2d 78 (2000), so the jury necessarily rejected defendant's repeated claim that the fire was an accident. Defendant also maintains that Dove was not a credible witness given his recanting affidavit. But Dove's credibility was the central issue at trial, and "[i]t is the jury's province to determine the credibility of all of the witnesses . . . ." *People v Petrosky*, 286 Mich 397, 400; 282 NW2d 191 (1938). Thus, we see no error in the trial court declining to reconsider issues squarely decided by the jury.

Defendant also challenges facts that were not necessarily decided by the jury. For instance, he maintains that the first fire to the house in 2007 was not an arson, contrary to Dove's testimony at trial that he also set this fire at defendant's request. The first fire did not result in criminal charges but the prosecutor introduced Dove's testimony about the first fire under MRE 404(b). See *Willis I*, unpub op at 15. Defendant argues that the insurance company's decision to pay the claim relating to the first fire and the lack of criminal charges definitively establishes that no arson occurred. He also maintains that he did not receive any of the insurance proceeds from that fire. We note that we previously determined that defendant's involvement in the first fire was an appropriate consideration at sentencing and that "there was evidence that defendant received a benefit from the insurance proceeds." *Willis II*, unpub at 4, vacated on other grounds 498 Mich 947 (2015). Regardless, the trial court did not rely on or discuss the first fire when it resentenced defendant, and defendant cites no authority for the proposition that a sentencing judge is required

to reach an independent conclusion on all disputed factual questions.[2] For the same reasons, the trial court did not err by declining to consider defendant's argument that the fire for which he was convicted was not an arson for profit because the insurance policy in effect only covered the mortgage company's interest.[3]

Finally, defendant argues that his girlfriend at the time of trial, Megan Daniel, was not a "last-minute" alibi witness. This argument relates to offense variable (OV) 19 (interference with the administration of justice), which we previously affirmed the scoring of on the basis of the trial court's finding that Daniel gave perjured testimony and defendant's role in presenting that testimony. See *Willis I*, unpub op at 19; *Willis II*, unpub op at 8; *Willis IV*, unpub op at 5. Defendant argues that Daniel was not a last-minute alibi witness because he disclosed in police interviews conducted in June 2019 that he went to dinner with her before the second fire occurred. He ignores, however, that "[o]n April 6, 2010," days before trial began, "defendant filed a notice of alibi in which he named [Daniel] as an alibi witness to testify that defendant was with her *at the time of the fire*." *Willis I*, unpub at 2 (emphasis added). In any event, given our prior rulings the trial court did not err by scoring OV 19 at 10 points and defendant does not argue otherwise. See *New Props, Inc v George D Newpower, Jr, Inc*, 282 Mich App 120, 132; 762 NW2d 178 (2009) ("The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with respect to that issue.").

In scoring OV 19, however, the trial court recalled that the prior sentencing judge also assessed points because defendant allegedly tried to convince Dove to change either his testimony or his statement to the police. The court therefore concluded that this was an alternative basis for scoring OV 19. Defendant maintains that this was error because OV 19 was originally scored solely on the basis of Daniel's perjury. It appears that defendant is correct and that the trial court's recollection was mistaken. However, the court's reference to Dove did not impact the scoring of OV 19, which was properly scored on the basis of Daniel's perjury. Further, the trial court did not rely on any alleged misconduct relating to Dove in resentencing defendant. Accordingly, defendant was not sentenced on the basis of inaccurate information.

Defendant also argues that his sentence for second-degree murder was disproportionate.

---

[2] Defendant cites only *People v Robinson*, 147 Mich App 509; 382 NW2d 809 (1985), which involved a challenge to the accuracy of the presentence investigation report. "When a defendant claims that a presentence report contains an error, the trial judge may hold an evidentiary hearing to determine the report's accuracy, may accept the defendant's unsworn statement, or may disregard the alleged misinformation in determining the sentence." *Id*. at 510. In this case, defendant did not dispute the accuracy of any information in the presentence investigation report other than his employment status.

[3] The trial court briefly noted that "in one of the transcripts that was submitted, Mr. Willis indicated that he didn't know that there was not a[n] insurance policy on the . . . home, until after the second fire occurred," so he may have believed that there would be insurance proceeds at the time of the second fire. However, the court explained that it was "not addressing those issues" and that they would have be brought via MCR 6.500.

Sentences must adhere to the principle of proportionality, which "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). A sentence within the range recommended under the advisory guidelines is presumptively proportionate. See *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011). "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000). See also *People v Steanhouse*, 322 Mich App 233, 257 n 3; 911 NW2d 253 (2017), rev'd in part on other grounds 504 Mich 969 (2019).

Defendant does not present any unusual circumstances that would allow us to conclude that his within-guidelines sentence was disproportionate. Instead, he contends that his sentence was disproportionate because the trial court failed to consider his lack of criminal history. Defendant is correct that the trial court did not explicitly refer to his lack of criminal history in determining that a sentence within the guidelines range was proportionate to the offense and the offender. The court did, however, consider defendant's exemplary prison record and the serious nature of the offense. Further, the court referred several times to our most recent opinion where we criticized the court for "briefly mention[ing] defendant's lack of criminal history, but [not expressly taking] that into account when it determined that the recommended range was inadequate." *Willis IV*, unpub op at 7. Under these circumstances, the lack of discussion of defendant's criminal history does not require reversal of his within-guidelines sentence, which is presumptively proportionate.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro