*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEREMY WHITCHER and KATHRYN
WHITCHER, Individually and as Next Friends of
TW,

Plaintiffs-Appellants,

v

COREWELL, also known as COREWELL
HEALTH, also known as COREWELL HEALTH
EAST, also known as BEAUMONT HEALTH
SYSTEMS, also known as, BEAUMONT HEALTH,
also known as WILLIAM BEAUMONT
HOSPITAL, also known as BEAUMONT HEALTH
AND WELLNESS CENTER, also known as
BEAUMONT HEALTH, also known as BHSH
SYSTEM, also known as BHSH HEALTH, and
STRYKER CORPORATION,

Defendants-Appellees

UNPUBLISHED
June 05, 2026
10:40 AM

No. 369903
Oakland Circuit Court
LC No. 2022-197315-NO

JEREMY WHITCHER and KATHRYN
WHITCHER, Individually and as Next Friends of
TW,

Plaintiffs-Appellants,

v

JOHN FOX, CAROLYN WILSON, MARIE
DOHERTY, DEBBIE GUIDO-ALLEN, CECILIA
SHEIKH, ANGELA BECK, GORDON
MATTHEWS, KENYETTA ROBINSON, NOAH
ELLINGBOE, JAYME TENNER, AMANDA
NASH, BRENDA CHEEK, DEMETRA HYTER,
SUZANNE MIELKE, KRISTI COASTER, GRANT

No. 374189
Oakland Circuit Court
LC No. 2024-205041-NO

SMITH, CHANDRA SARGEANT, CINDY RIOS,
JOHN KERNDL, and BRETT WHITBREAD,

        Defendants-Appellees,

and

STRYKER CORPORATION and HEALTHTRUST
PURCHASING GROUP,

        Defendants.

_____

Before: GADOLA, C.J., and REDFORD and RICK, JJ.

PER CURIAM.

In Docket No. 369903, plaintiffs appeal as of right the trial court's order granting defendant Corewell summary disposition under MCR 2.116(C)(7) and (10). In Docket No. 374189, plaintiffs appeal by leave granted the trial court's order granting the individual defendants summary disposition under MCR 2.116(C)(7) and (8). We affirm.

## I. FACTS

Plaintiffs, Jeremy and Katheryn Whitcher, are the parents of TW, who in 2018 was diagnosed with scoliosis, an abnormal curvature of the spine. After conservative treatment failed to stop the progression of the scoliosis, TW underwent surgery in November 2020 at Corewell, also known as William Beaumont Hospital. TW was then 14 years old. Dr. Ira Zaltz performed a posterior spinal fusion to correct the curvature of her spine caused by the scoliosis. During the surgery, the bur at the end of the drill that Dr. Zaltz was using on TW's spine "skipped" and lacerated the ligamentum flavum along with the dura at L3-L4. Ligamentum flavum is a layer of ligament tissue that joins the vertebrae together. The dura is a layer of tissue that covers the spinal cord. Another surgeon assisted Dr. Zaltz in repairing the tear, but TW nonetheless suffered serious injury. Dr. Zaltz later testified that the bur skipped because the drill unexpectedly decelerated causing the drill to lurch.

In Docket No. 369903, plaintiffs initiated their lawsuit against defendant Corewell alleging ordinary negligence, specifically, that Corewell breached its duty to properly maintain, repair, and replace the drill that was used in the surgery, thereby causing TW's injuries and damages to plaintiffs. Corewell moved for summary disposition under MCR 2.116(C)(7) and (10) on the basis

that plaintiffs' claims sounded in medical malpractice, and plaintiffs had failed to properly plead a medical malpractice claim. The trial court agreed and dismissed plaintiffs' complaint.[1]

Plaintiffs also initiated the lawsuit in Docket No. 374189 against several individuals connected with Corewell. In their amended complaint, plaintiffs alleged that the individuals named as defendants were employed by Corewell as directors, officers, managers, or administrators. Plaintiffs alleged that defendants owed a fiduciary duty to TW which they had breached by failing to properly fund and staff the department of the hospital tasked with maintaining the hospital's surgical equipment and by failing to properly maintain, repair, and replace the drill that was used in the surgery resulting in TW's injuries.[2] Plaintiffs also alleged that certain of the individual defendants fraudulently concealed information about the drill and the incident. Defendants[3] moved for summary disposition under MCR 2.116(C)(7) and (8), arguing that plaintiffs' action against them was a collateral attack on the trial court's dismissal of plaintiffs' suit against Corewell. The trial court agreed and granted the motion for summary disposition, also concluding that plaintiffs had failed to demonstrate a valid claim of breach of fiduciary duty or fraud.

Plaintiffs claimed an appeal in Docket No. 369903 and applied for leave to appeal in Docket No. 374189. This Court granted plaintiffs leave to appeal in Docket No. 374189 and consolidated the two appeals. *TW v Fox*, unpublished order of the Court of Appeals, entered April 9, 2025 (Docket No. 374189).

## II. DISCUSSION

## A. DOCKET NO. 369903

In Docket No. 369903, plaintiffs contend that the trial court erred by granting Corewell summary disposition under MCR 2.116(C)(7) and (10), holding that their claim against Corewell sounded in medical malpractice and not ordinary negligence as alleged in their complaint. We disagree that the trial court erred.

Whether a plaintiff's claim is one of ordinary negligence or medical malpractice is a question of law that we review de novo. *Estate of Miller v Angels' Place, Inc*, 334 Mich App 325, 329; 964 NW2d 839 (2020). We also review de novo the trial court's decision to grant or deny summary disposition, *Jostock v Mayfield Twp*, 513 Mich 360, 368; 15 NW3d 552 (2024), as well as the application of statutes, *Green v Pontiac Pub Library*, 350 Mich App 478, 486; 32 NW3d 487 (2024).

Whether a claim sounds in ordinary negligence or medical malpractice is a determination properly made under MCR 2.116(C)(7). *Bryant v Oakpointe Villa Nursing Ctr, Inc*, 471 Mich

---

[1] Plaintiffs thereafter filed a lawsuit against Corewell alleging medical malpractice.

[2] In Docket No. 374189, plaintiffs also alleged claims against Stryker Corporation and Healthtrust Purchasing Group who are not parties to the appeal in that case.

[3] Defendants Kerndl, Rios, and Whitbread concurred in the motion.

411, 419; 684 NW2d 864 (2004). When considering a motion under MCR 2.116(C)(7), we consider the affidavits, depositions, admissions, and other documentary evidence submitted, and accept the contents of the complaint as true unless contradicted by the documentation submitted by the moving party. *Estate of Miller*, 334 Mich App at 330. If the facts are not disputed, and if reasonable minds could not differ regarding the legal effect of the facts, whether summary disposition is warranted is a question of law for the Court. *Id*.

"A medical malpractice claim is sometimes difficult to distinguish from an ordinary negligence claim. But the distinction is often critical." *Trowell v Providence Hosp & Med Ctrs, Inc*, 502 Mich 509, 517-518; 918 NW2d 645 (2018). To establish a claim of negligence, the plaintiff must demonstrate that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, (3) the plaintiff suffered damages, and (4) the damages were proximately caused by the defendant's breach of duty. *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 626; 971 NW2d 716 (2021). To establish a claim of medical malpractice, the plaintiff must demonstrate (1) the standard of care, (2) that the defendant breached the standard of care, (3) injury, and (4) that the damages were proximately caused by the plaintiff's breach. *Elher v Misra*, 499 Mich 11, 21; 878 NW2d 790 (2016). The statute of limitations for a medical malpractice claim generally is two years, *Ottgen v Katranji*, 511 Mich 223, 231; 999 NW2d 359 (2023), while the statute of limitations for a claim of ordinary negligence is three years, *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 234; 859 NW2d 723 (2014). In addition, a plaintiff alleging medical malpractice must comply with specific statutory and procedural requirements not applicable to a claim of ordinary negligence. See *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26, 43; 594 NW2d 455 (1999).

To ascertain the nature of a claim, we seek the gravamen of the claim by reading the complaint as a whole regardless of the label applied to the claim by the plaintiff. *Meyers v Rick*, 509 Mich 460, 469; 983 NW2d 747 (2022). When determining whether a claim is one for medical malpractice, we consider first whether the case is brought against an entity or a person capable of medical malpractice. *Bryant*, 471 Mich at 420. "A malpractice action cannot accrue against someone who, or something that, is incapable of malpractice." *LaFave v Alliance Healthcare Servs, Inc*, 331 Mich App 726, 732; 954 NW2d 566 (2020), quoting *Adkins v Annapolis Hosp*, 420 Mich 87, 95; 360 NW2d 150 (1984). In *LaFave*, this Court explained:

> The scope of who can be sued for medical malpractice has expanded over the years. Initially, "[u]nder the common law, only physicians and surgeons were potentially liable for medical malpractice." *Kuznar v Raksha Corp*, 481 Mich 169, 177; 750 NW2d 121 (2008). With MCL 600.5838a, the Legislature expanded the scope of who may be subject to a medical-malpractice action to include other professionals and entities. *Bryant*, 471 Mich at 420, citing *Adkins*, 420 Mich at 94-95. Specifically, the Legislature provided for medical-malpractice claims to be brought against "a person or entity who is or who holds himself or herself out to be a licensed health care professional, licensed health facility or agency, or an employee or agent of a licensed health facility or agency." MCL 600.5838a(1). [*LaFave*, 331 Mich App at 732.]

In this case, the parties do not dispute that Corewell is a licensed health facility under MCL 600.5838a. The trial court therefore properly concluded that Corewell is capable of committing, and can be held liable for, medical malpractice pursuant to MCL 600.5838a(1).

The next inquiry is whether a plaintiff's claim sounds in medical malpractice, which requires the court to determine (1) whether the alleged injury occurred within the course of a professional relationship, and (2) whether the claim raises a question of medical judgment beyond that of common knowledge and experience. *Bryant*, 471 Mich at 422. Our Supreme Court in *Bryant* explained:

> A medical malpractice claim is distinguished by two defining characteristics. First, medical malpractice can occur only within the course of a professional relationship. . . . Second, claims of medical malpractice necessarily raise questions involving medical judgment. . . . Claims of ordinary negligence, by contrast, raise issues that are within the common knowledge and experience of the [fact-finder]. Therefore, a court must ask two fundamental questions in determining whether a claim sounds in ordinary negligence or medical malpractice: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience. If both these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions. [*Id*. at 422 (quotation marks and citations omitted).]

In determining whether the injury occurred within the course of a professional relationship we consider that:

> A professional relationship sufficient to support a claim of medical malpractice exists in those cases in which a licensed health care professional, licensed health care facility, or the agents or employees of a licensed health care facility were subject to a contractual duty . . . to render professional health care services to the plaintiff. [*Id*.]

In this case, TW was admitted to Corewell, a licensed health facility, for a posterior spinal fusion surgery to correct the curvature of her spine caused by scoliosis. Because her alleged injuries occurred during the surgery, TW's injuries occurred within the course of a professional relationship.

The trial court also properly found that plaintiffs' claim raised issues of medical judgment. The parties do not dispute that the drill in question was used by Dr. Zaltz during TW's spinal surgery during which TW allegedly was injured. Dr. Zaltz testified that he used a specialized drill and bur provided by Corewell and made specifically for surgical procedures to perform a decortication of TW's spine. He testified that while using the drill, it suddenly and unexpectedly decelerated, causing the bur to skip off TW's bone and lacerate her spine. At trial, expert testimony would be needed to explain the surgery, the use of the drill and bur during surgery, the proper functioning of the drill, the proper maintenance of the drill, and the plausibility of Dr. Zaltz's explanation of the malfunction. Because plaintiffs' alleged injuries occurred during a professional

relationship and present questions of medical judgment not within common knowledge and experience that would require the presentation of expert testimony to the jury, plaintiffs' claim against Corewell sounds in medical malpractice. The trial court therefore properly dismissed plaintiffs' claim of ordinary negligence against Corewell under MCR 2.116(C)(7).

## B. DOCKET NO. 374189

In Docket No. 374189, plaintiffs contend that the trial court erred by granting summary disposition under MCR 2.116(C)(7) and (8) of plaintiffs' claims against Corewell's officers, directors, and employees named as defendants. We disagree.

Again, we review de novo the trial court's decision to grant or deny summary disposition. *Jostock*, 513 Mich at 368. When considering a motion under MCR 2.116(C)(7), we consider the affidavits, depositions, admissions, and other documentary evidence submitted, and accept the contents of the complaint as true unless contradicted by the documentation submitted by the moving party. *Estate of Miller*, 334 Mich App at 330. If the facts are not disputed, whether summary disposition is warranted is a question of law for the Court. *Id*. A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the claim based on the factual allegations of the complaint and is warranted when a claim is so unenforceable that no factual development could justify recovery. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160: 934 NW2d 665 (2019). When reviewing the trial court's decision granting or denying summary disposition under MCR 2.116(C)(8), we consider the motion based on the pleadings alone and accept all factual allegations as true. *Id*.

In their amended complaint, plaintiffs alleged ordinary negligence described as a breach of a fiduciary duty; plaintiffs also alleged fraudulent concealment. The trial court granted defendants summary disposition under MCR 2.116(C)(7) and (8), holding that plaintiffs' claims were an impermissible collateral attack on the trial court's decision in plaintiffs' suit against Corewell, that plaintiffs failed to demonstrate that defendants breached a fiduciary duty owed to TW, and that plaintiffs failed to establish fraud. We conclude that plaintiffs' claim is not a collateral attack,[4] but that the trial court did not err by dismissing plaintiffs' claims.

When a party uses a second proceeding to attack the court's decision in a previous proceeding outside of the appellate process, the second proceeding is a "collateral attack." *Zelasko v Charter Twp of Bloomfield*, 347 Mich App 141, 161; 14 NW3d 441 (2023). Generally, collateral attacks are impermissible unless the decision attacked was void for lack of subject-matter or personal jurisdiction. *Id*. In Docket No. 369903, plaintiffs alleged that Corewell was liable in ordinary negligence for failing properly to maintain the drill that allegedly malfunctioned during TW's surgery. The trial court granted Corewell summary disposition, holding that the claim sounded in medical malpractice, not ordinary negligence. In Docket No. 374189, plaintiffs once again alleged ordinary negligence, this time against certain officers, directors, and employees of Corewell, claiming that as officers, directors, and employees of Corewell, defendants owed TW a

---

[4] Even so, in Docket No. 374189 plaintiffs dedicate a considerable portion of their brief on appeal to attacking the trial court's order and opinion in Docket No. 369903.

fiduciary duty that they breached. This claim differs from plaintiffs' claim against Corewell; plaintiffs' argument in Docket No. 374189 appears to be that even if Corewell cannot be held liable to TW in ordinary negligence, its officers, directors, and employees can be. We conclude that Docket No. 374189 does not constitute a collateral attack on the trial court's decision granting Corewell summary disposition of plaintiffs' claims.

However, the trial court correctly determined that summary disposition was warranted. As discussed, "the Legislature provided for medical-malpractice claims to be brought against 'a person or entity who is or who holds himself or herself out to be a licensed health care professional, licensed health facility or agency, *or an employee or agent of a licensed health facility or agency*.'" *LaFave*, 331 Mich App at 732, quoting MCL 600.5838a(1) (emphasis added). Here, the parties do not dispute that Corewell is a licensed health facility and therefore capable of medical malpractice and subject to the attendant potential for liability. Plaintiffs' theory of liability hinges on defendants' status as alleged employees and agents of Corewell. Just as plaintiffs' allegations of ordinary negligence against Corewell sound in medical malpractice, so too do plaintiffs' allegations against the individual defendants. The allegations against the individual defendants essentially mirror the allegations against Corewell in Docket No. 369903, and likewise sound in medical malpractice rather than ordinary negligence. We conclude that plaintiffs' claims were subject to dismissal because they sound in medical malpractice rather than ordinary negligence.

We observe, however, that the trial court did not grant defendants summary disposition on that basis. Rather, the trial court addressed the merits of plaintiffs' claims against the individual defendants. Plaintiffs alleged that defendants owed TW a fiduciary duty to make reasonable business decisions by properly staffing and funding the department of Corewell responsible for maintaining the drill and to ensure that all instruments and equipment were properly handled. Addressing the merits of these allegations, the trial court reasoned:

> [T]o the extent that Plaintiffs' claims could be construed as alleging a breach of a fiduciary duty, Michigan law does not recognize such a duty to non-shareholders. *Murphy v Inman*, 509 Mich 132; 983 NW2d 354 (2022). Further, "[A] fiduciary relationship arises from the reposing of faith, confidence, and trust and the reliance of one on the judgment and advice of another." *Teadt v Lutheran Church Missouri Synod*, 237 Mich App 567, 580-581; 603 NW2d 816 (1999). The party with the duty must act for the benefit of the other with respect to matters within the scope of the relationship. *Id*. at 581. "Relief is granted when such position of influence has been acquired and abused, or when confidence has been reposed and betrayed." *Id*. Plaintiffs' [amended complaint] fails to allege facts that, even if true, would demonstrate that TW had a fiduciary relationship with any of the individual Defendants or that any of the individual Defendants abused or betrayed such a position of influence or trust.

The trial court similarly rejected plaintiffs' allegations of fraudulent concealment, reasoning that fraudulent concealment is not a substantive cause of action and plaintiffs did not otherwise establish a cause of action for fraud. The trial court held that "to the extent that Plaintiffs are attempting to assert a fraud claim based on an alleged failure to cooperate in discovery or alleged perjury, these are allegations of intrinsic fraud. . . Michigan does not recognize an independent action at law to recover damages for intrinsic fraud."

Whether a fiduciary duty exists is a question of law to be decided by the court. *Prentis Family Foundation v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 43; 698 NW2d 900 (2005). To establish a claim of breach of fiduciary duty, the plaintiff must establish (1) the existence of a fiduciary duty, (2) breach of the duty, and (3) that the breach caused the plaintiff's damages. *Highfield Beach at Lake Michigan v Sanderson*, 331 Mich App 636, 666; 954 NW2d 231 (2020). A fiduciary relationship is one "in which one person is under a duty to act for the benefit of the other on matters within the scope of the relationship." *Murphy v Inman*, 509 Mich 132, 146; 983 NW2d 354 (2022) (quotation marks and citation omitted).

Under Michigan common law, the directors of a corporation owe fiduciary duties to their shareholders. *Id*. at 152. "Directors of a corporation are understood to be fiduciaries because they are required to use their acumen for [the] corporation's benefit rather than [their] own." *Id*. at 146 (quotation marks and citation omitted). "The essence of directors' fiduciary duties is to produce to each stockholder the best possible return for his [or her] investment." *Id*. at 149 (quotation marks and citation omitted). Here, plaintiffs have failed to demonstrate that defendants, as officers, directors, and employees of Corewell, owed a fiduciary duty to act for TW's benefit rather than for Corewell's benefit. We conclude that the trial court correctly determined that in this case, plaintiffs did not adequately plead or otherwise establish that defendants owed a fiduciary duty to TW.

We similarly conclude that the trial court correctly determined that plaintiffs failed to establish a claim of fraud, holding that there are no allegations that, even if true, would support a claim of fraud. As the trial court explained, fraudulent concealment typically is raised in the context of a plaintiff's effort to toll the running of the statute of limitations when a person has fraudulently concealed the existence of a claim. See *Mays v Snyder*, 323 Mich App 1, 38; 916 NW2d 227 (2018), citing MCL 600.5855. Here, plaintiffs appear to raise allegations akin to an asserted discovery violation or an assertion of spoliation of evidence, but do not demonstrate fraudulent concealment.

Affirmed.

/s/ Michael F. Gadola
/s/ James Robert Redford
/s/ Michelle M. Rick